| 11 | 233 |
| 78 | 535 |
| 11 | 233 |
| 115 | 64 |
| 11 | 233 |
| 131 | 510 |

## BELL v. BYERSON & BARLOW.

1. FALSE REPRESENTATION; NEGLIGENCE. False representations concerning a matter in regard to which the parties have equal means of knowledge will not operate to render a contract void.

2. PRACTICE. Where a defect in a pleading is amended by an additional

pleading filed before the determination of the demurrer thereto, the demurrer should not be sustained.

3. COPY OF WRITTEN INSTRUMENT. A copy of an instrument in writing may be admitted in evidence when the proper foundation for such evidence has been laid by showing the loss of the original.

4. PRINCIPAL AND AGENT; ESTOPPEL. A principal cannot after the ratification of a contract made by another as his agent, avoid the contract on the ground that it was made without authority.

5. ADMISSION OF EVIDENCE. The judgment of the court below will not be reversed because of the admission of evidence when the record does not disclose the character of the objection to it, and it appears that for some purposes germain to the case it would be admissable.

### Appeal from Johnson District Court.

### THURSDAY, DECEMBER 6.

THE plaintiff in this action seeks to recover damages of the defendants, on account of their failure to comply with the conditions of a written contract, by which, as is claimed, the defendants agreed to deliver to plaintiff a quantity of flour.

In their answer the defendants deny the indebtedness as alleged in the petition, and deny under oath the execution of the writing sued on. They say that it was obtained by fraud; that it was executed by their agents contrary to their express directions given to him in the presence of the plaintiff. Judgment for plaintiff and defendants appeal.

*L. Robinson* and *Smyth, Young & Smyth* for the appellants.

I. The court erred in allowing the copy of the contract to be read to the jury, no proper foundation having been laid therefore. Wm. Penn Clark testified to handing it to Levi Robinson (deft's att'y) and to not seeing it since. Robinson should have been called, or a rule served on him to produce the original. All sources of primary evidence should *first* have been exhausted before introducing *secondary* evidence. 2 Phil. on Ev. 215, (2d ed.) Dil. Dig. 446; *Greenough, Cook & Co.* v. *Sheldon,* 9 Iowa 503. Again, said in-

strument was inadmissible because shown by Charles A. Barlow, called by plaintiff, not to be the contract of defendants, being made by John M. Barlow, when instructed otherwise, and after his authority as to *said contract* had been revoked in the presence of plaintiff. *Brookshire* v. *Brookshire,* 8 Ire. 74, 77; Story on Agency, sections 463, 470, 474; 2 Kent Com. 644.

II. The Court *should* have admitted the testimony of Jno. M. Barlow and Jesse Byerson offered to disprove the execution of the instrument by defendants, &c., for if it had been properly admitted it only made a *prima facie* case, that might be rebutted by parol; *Lyon* v. *Bunn,* 6 Iowa 48. The authority of of John M. Barlow was revocable at will and by *parol,* though conferred by a written instrument, *Brookshire* v. *Brookshire,* 8 Ire. 74, 77; *Brookshire* v. *Vancannon,* 6 Ib. 231; Story on Agency, sections 463, 470, 474; Dunlap's Paley's Agency 183 and note, and 185 and note; 2 Kent Com. 644 (185 of 7 ed.) Note to *Hunt* v. *Rousmanier,* 1 Am. L. C. 567. It is an exploded doctrine, that an agreement can only be rescinded by an instrument of the same character. 1 Sm. L. C. 469; 2d Am. L. C. 124.

III. The court erred in instructing the jury to disregard the fourth plea of defendant's answer, because misrepresentations affording *material inducements,* constitute legal fraud and avoid the contract; Story on Sales, sections 165, 180, and cases there cited in notes; *Griffin* v. *Chubb,* 7 Texas 603; 18 Pick. 95; and whether *material* or *not,* is a question for the *jury*; Story on Sales section 166, and cases cited in note; Chit. on Cont. 684. And in cases where the contract is not wholly void for fraud, i. e. when it does not amount to *legal fraud* if the contract be executory, evidence of fraud may be given to reduce the verdict to nominal damages; Story on Sales, section 180. And the court instructed erroneously on the question of agency, for an agent's authority can be revoked by parol, though conferred by an instrument under seal, and at the mere will and pleas-

ure of the one granting it.   See authorities under the second point, *supra*.

IV. The court erred in not granting a new trial for reasons specified.   The demurrer to the second plea of the defendant was erroneously sustained.   A general plea of fraud is good ; *Hampton* v. *Pearce*, 1 Mor. 489 ; *Brink* v. *Morton et al*, 2 Iowa 422.   And, so with demurrers to pleas of misrepresentations as to the state of the market or any other extrinsic fact affecting price constitute legal fraud.   Story on Sales, sections 175, 179, 382; *Blydenburg* v. *Welsh*, 1 Bald. 331, (3 U. S. Dig. 379,) *Griffin* v. *Chubb*, 7 Texas 603 ; 14 Barb. 66 ; *Frazier* v. *Gervais*, Walk. 72 ; (5 U. S. Dig 729.) If plaintiff relies on subsequent ratification (by part delivery) he should show clearly that such ratification was with the full knowledge of all the facts, otherwise defendants are not bound, *Fletcher* v. *Dysart*, 9 B. Mon. 413; 1 Am. L. C. 574, and cases there cited, *Nixon* v. *Palmer*, 4 Seld. (N. Y.) 598.

*Clark & Davis* for the appellee.

I. The general plea of fraud is demurrable.   Pleadings should state specifically the facts relied on.   *Hampton* v. *Pearce*, Morris 489 ; and *Brink* v. *Morton et al*, 2 Iowa 411 are not applicable.

II. The alleged misrepresentations were not material, and not such as the appellant had a right to rely upon.   Story Cont. section 510 and 511; *Davis* v. *Meeker* 5 John. 354 ; Story on Sales section 166, 169, 172.   Sections 175 and 179 cited by appellants, do not apply to the case made by the pleas.   *Burch* v. *Sheldon*, 14 Barb. 66.

III. When evidence was rejected in the court below and the record does not show the ground of rejection, this court will presume that the evidence was properly rejected. *Thompson* v. *Blanchard*, 2 Iowa 44; *The State of Iowa* v. *Wilson*, 8 Ib. 407 ; *Stutsman* v. *School District &c.*, 1 Ib. 94.

BALDWIN, J.—The first, second and third errors assigned relate to the ruling of the court upon the demurrer to that portion of the answer which sets up fraud in plaintiff in obtaining said contract.

The fraud charged is, that the plaintiff made false statements to defendants as to the price of flour at Iowa City, by representing that he had come from certain flouring mills in that place, and that the price named in the contract was the market value in said city.

It appears by the pleadings that the defendants were millers, engaged in manufacturing and selling flour; that they were doing business not far from said city, and where with reasonable diligence they could have ascertained the value of the commodity sold. The representations made, as thus alleged, were not of such a character as the defendants should have relied upon. Their means of knowledge were equal to those of the plaintiff, and where this is the case, the law will not interfere to protect the negligent.

The fourth error assigned is, that the court erred in sustaining the demurrer of the plaintiff to defendant's fifth plea. In this plea the execution of the contract is denied under oath. Only one of the defendants however made oath to this answer as originally filed. The demurrer was filed on the 15th day of November. An amended answer was filed on the same day with the demurrer. The demurrer was sustained on the 16th day of November as appears by the record. The court erred in sustaining the demurrer to this portion of the answer after it was thus perfected. But we are not prepared to say, under the issues made and the evidence produced, that for this error the judgment of the District Court should be reversed. The contract although not signed by the defendants was recognized by them as their deed by their subsequent ratification thereof. This being the case the plea of *non est factum* could not have been of any advantage to them if the demurrer had not been sustained.

It is next claimed that the court erred in allowing a copy of the contract sued on to be read in evidence to the jury.

It appears from the bill of exceptions that the plaintiff first introduced several witnesses tending to prove the loss of said contract, that he then offered to read a copy thereof to the jury. To this the defendants objected, but the grounds of such objections are not stated. As the record does not show in this case the grounds of objection to this evidence and as we can conceive that it would be proper testimony under certain circumstances for some purposes, we are not prepared to say that its introduction was erroneous.

The sixth point made by appellants is that the court erred in sustaining the plaintiff's objection to the introduction of the evidence of Jesse Byerson and J. M. Barlow, by whom the defendants proposed to prove that the contract sued on was executed by J. M. Barlow, as the agent of defendants, after having been forbidden so to do by one of said defendants in the presence of plaintiff. What the objections of plaintiff were to this evidence or on what grounds the court excluded it does not appear. It may have been rejected for the reason that the court did not consider under the pleadings this question in issue. This issue is properly presented by the pleadings, and under it this evidence should have been received if otherwise competent. We cannot however conceive how this ruling could have prejudiced the defendants case before the jury. Admitting that the defendants had proved by these witnesses what they proposed to prove, could it have changed in the least the verdict of the jury? Prior to the introduction of this evidence one of the defendants, Charles Barlow, had been called as a witness by plaintiff and had testified that J. M. Barlow was the agent for said defendants, and had a power of attorney authorizing him to transact the general business of said firm connected with their milling operations; that witness himself had agreed with plaintiff to sell him flour without specifying the quantity; that the said agent continued the negotiation of the contract with plaintiff and had executed the writing sued on notwithstanding the order of plaintiff not to give any written contract. Barlow further states that he went away and left plaint-

iff with his father; that afterwards he met plaintiff and he told him he had made a contract, but did not say what it was; that his father told him he had contracted to deliver 200 sacks of flour in 20 days at $2,22½, that defendants in pursuance thereof had delivered a part of the flour. Under this evidence we are inclined to think that the contract of the agent was fully known to defendants, and ratified by them, and if they had proved what they offered to do that it could have availed nothing.

There was no such error in the instructions of the court as would prejudice the rights of the defendants under the evidence.

The judgment of the District Court is affirmed.