## SCHERMERHORN *a.* GOUGE.

*Supreme Court, First District; Special Term, Sept.*, 1861.

Answer.—Landlord and Tenant.—Implied Warranty.

In an action to recover the rent of a store occupied by the defendants under a lease from the plaintiffs, the defendants, conceding that they had occupied the premises during the term, answered that the plaintiffs, to induce them to take the premises, fraudulently represented that the store was a good, strong, and substantial building, fit to be used for the defendants' business, and that they, relying thereon, entered into the lease; that these representations were false, and that plaintiffs knew them to be. *Held*, that the answer was wholly insufficient as a defence to the action, whether considered upon the theory of an implied warranty, or that of false and fraudulent representations of material facts.

Untrue affirmations by a landlord of the condition of premises proposed to be hired, in a matter concerning which, by ordinary diligence, the tenant may obtain correct information, are not such a deception as to impose upon the landlord the obligation of a warranty.

A representation that a building is "good, strong, and substantial, and fit for hatters' business," is not a warranty that the building is not leaky.

Demurrer to an answer.

The facts are sufficiently stated in the opinion.

*E. G. Drake, Jr.*, for the plaintiffs, cited 2 *Duer*, 639; 2 *Johns. Ch.*, 441; 5 *Ib.*, 419; 1 *Paige*, 131; 10 *Ib.*, 369; Van De Sande *a.* Hall, 13 *How. Pr.*, 458.

*Gideon L. Walker*, for the defendants.

Leonard, J.—The action is brought to recover for the rent of premises occupied by the defendants under a lease from the plaintiffs.

The defendants deny none of the allegations of the complaint. They answer that the plaintiffs, to induce the defendants to take the premises, fraudulently represented that the store was a good, strong, and substantial building, fit to be used for their business of manufacturing and selling hats; and that they, relying on these statements, entered into the lease. That the plaintiffs, by

means of the premises, impliedly warranted that the building was good, strong, and substantial, fit to be used in their said business. That these representations were false, and that the plaintiffs knew it; that the building was not fit for their business, nor could it be so occupied, and was wholly unfit, unsubstantial, dilapidated, leaky, and improper for their business.

For a second defence they answer by way of counter-claim, that by means of the facts set forth in the foregoing defence, and of the implied covenants therein mentioned, which the plaintiffs have broken, the said lease became and is wholly void; and that the defendants have sustained damages, to wit, $200, for money paid on account of said lease and building, and from being wholly unable to use and enjoy said building for the business aforesaid. Wherefore they demand judgment for $200, and that the lease may be cancelled.

To this answer the plaintiffs demur. It is conceded that the defendants have occupied the premises in question during the whole term for which they were leased. It is so alleged in the complaint, and not denied in the answer.

The representations referred to in the answer cannot be considered as constituting an implied warranty. The lease is in writing, and the warranty is not claimed to arise from any language therein, but from affirmations alleged to have been made at the time of executing it. Untrue affirmations of a matter concerning which, by ordinary diligence, the defendants might have obtained correct information, are not such a deception as to impose upon the plaintiffs the obligation of a warranty.

I know of no rule of law that will sanction an implied warranty from the representations set forth in this answer.

The case of the Mayor, &c. *a.* Mabie (3 *Kern.*, 151) has been referred to, to sustain the defendants' position. In that case a covenant for quiet enjoyment, as against the lessor, was implied from leasing or demising by deed the right to collect the wharfage of certain premises. So, also, an affirmation of ownership by a vendor amounts to a warranty of title. Those cases are very different from the present, and are not, in my opinion, applicable.

There is no allegation on the part of the defendants that they were ignorant of the true character of the building in the respects to which the answer refers.

How can it be supposed that the plaintiffs knew better than the defendants whether the building was fit for manufacturing and selling hats?

The defendants do not allege that the plaintiffs represented the building not to be leaky. The attention of the plaintiffs does not seem to have been directed to that subject. It would be a far-fetched implication to say that a representation that a building was "good, strong, and substantial, and fit for hatters' business," was a warranty that the building was not leaky.

The allegation that the building was unsubstantial and dilapidated is too general, as a negation of the representations.

The answer is wholly insufficient, whether it be considered upon the theory of an implied warranty, or that of false and fraudulent representations of material facts.

There does not appear to be any fact, in regard to which representations were made by the plaintiffs, not within reach of the defendants' means of knowledge, or whereby they were induced to forbear an examination of the premises, or which might not be fairly considered a mere expression of opinion by the plaintiffs.

Judgment for the plaintiffs on the demurrer.

---

## MOWBRAY *a.* LAWRENCE.

*Supreme Court, First District; Special Term, October,* 1861.

SALE, UPON EXECUTION, OF THE INDIVIDUAL INTEREST OF ONE PARTNER.—INJUNCTION.

The court will not interfere by injunction to restrain the sale of the interest of one partner in copartnership property, under a judgment and execution against such partner for a debt due from him individually, where there are no averments in the complaint to show that the debtor in the execution has not some interest in the property levied on, after the satisfaction of the partnership debts, and after deducting the interest of the solvent partners from the partnership estate.

If one of several partners has an interest in the assets of the partnership over and above the claims of his copartners, and those of the creditors of the partner-