## NEW YORK COMMON PLEAS.

### Aubrey C. Wilson agt. Michael Halpin.

An inkeeper or boarding house keeper is not liable for baggage stolen from a guest, if the guest refuses to place it in a particular place of security, when requested to do so by the landlord or his servants.

*New York General Term, November,* 1865.
*Before* Daly, *F. J.,* Brady *and* Cardozo, *Judges.*

Wilson agt. Halpin.

By the court, DALY, F. J. The defendant kept an emigrant boarding house or inn. The plaintiff's assignor, Blakely, came there and was lodged, without any objection being made upon his part, in a room with several other persons who were strangers to him. He asked the chambermaid if he might leave his bag in the room, and she told him to take it down to the boy in the store and give it into his charge. Instead of doing this he put it under the bed, and left the room, leaving his brother and another man there. When he returned the bag was gone.

The chambermaid also testified, that she was instructed when persons brought their baggage to the rooms to take it down stairs. What she told Blakely, therefore, was not merely a suggestion of her own, but the established regulation of the house, and where several persons who were strangers to each other, were lodged in the same room, it was, as the event in this case showed, a reasonable and proper regulation to secure the safety of the baggage. The defendant kept both a boarding house and a liquor store. He received every person that came, accommodating them by the day or by the week, at a charge of one dollar per day. If the guest came without baggage, he paid for his accommodation every morning, or the guests paid as Blakely did, for each meal, and for their lodging each morning. In such an establishment, where every one that came was received, and it was in consequence of the low rate charged, that many should be lodged in the same room, such a regulation for the safety of the baggage of each guest was indispensable. Instead of complying with it, when told by the chambermaid what to do, Blakely put his bag under the bed, and through that act he was himself the cause of its being lost, and the defendant is not answerable for it. If the guest is notified to put his baggage in a particular place where it will be safely kept, and he neglects to do so, the innkeeper, if it is lost, is not liable. (*Saunders* agt. *Spencer, Dyer*, 266, *b.* ; *Caley's Case,* 8 *Co.*

33 *a.*; *Burgess* agt. *Clement*, 4 *M. & S.* 306; *Richmond* agt. *Smith*, 8 *Barn. & Cress.* 9; *Van Wyck* agt. *Howard*, 12 *How. Pr. R.* 151.)

.We were under the impression upon the argument, that the testimony of Blakely and the chambermaid were in conflict, but upon examination such does not appear to have been the case. Blakely was the first witness called, and he swore that he was not told by the defendant, or any person, that the bag must be left behind the bar. The chambermaid was afterwards called by the defendant, and her statement was not that Blakely was told that he must leave his bag behind the bar, but that he should take it down to the boy in the store and put it in his charge. This was not necessarily conflicting, for both statements might be true, and if the chambermaid did not give the particular direction which she swore she did, Blakely might have been called to contradict her.

The judgment should be reversed.