R. B. BROWN, APPELLANT, *v.* R. BLEDSOE AND C. W. MOORE, RESPONDENTS.

PURCHASER OF REAL ESTATE—REPRESENTATIONS BY VENDOR.—A purchaser of real estate is bound to exercise ordinary prudence and discretion, and if the means of knowledge are within his power, and he neglects to make the proper inquiry, he loses his remedy against the vendor, for any representations the latter makes.

FRAUDULENT REPRESENTATIONS BY VENDOR.—False representations by a vendor to the purchaser, as to the situation, condition, and value of real estate, are not actionable, even though knowingly made, unless the purchaser has been fraudulently induced to forbear inquiry as to their truth.

APPEAL from the second judicial district, Alturas county.

*Brumback & Cahalan,* for the appellant.

*Huston & Gray and V. S. Anderson,* for the respondents.

CLARK, J., delivered the opinion. PRICKETT, J., concurred.

The defendants demurred to the complaint on the ground that the complaint does not state facts sufficient to constitute a cause of action. The court below sustained the same and gave judgment for defendants. A demurrer on this ground will lie when the defects in the complaint are such as would render the court bad on general demurrer at law, or bad for a want of equity in chancery. The complaint, therefore, to be 'overthrown on this ground, must present defects so fatal in character as to authorize the court to say, taking all the facts to be admitted, that they do not set forth a cause of action.

The action is for false and fraudulent representations, made by defendants to plaintiff, whereby he was induced to purchase certain mining ground mentioned and described in the complaint, to his damage, in the sum of twenty thousand and forty-nine dollars and forty-eight cents. In order to maintain this action, the complaint must allege substantially: 1. That the representations made by defendants were false; 2. That defendants knew them to be false; 3. That they made them with intent to defraud plaintiff; 4. That such representations were material, and not matters of opinion; 5. That the plaintiff relied upon such representations in making the contract or doing the act from which the damages arose; 6. That plaintiff was fraudulently induced to forbear inquiry as to the truth of the representations made by defendants.

The representations complained of as fraudulent in this action, were made prior to June 23, by defendant Bledsoe to plaintiff, at San Francisco, state of California. On that day, as appears by the complaint, the plaintiff and defendant, Bledsoe, at the place aforesaid, entered into an agreement in writing (which agreement is annexed to and made a part of the complaint, and marked exhibit "A"), whereby

defendant Bledsoe agreed to convey, or cause to be conveyed, to plaintiff, his heirs or assigns, five sixths of the mining property described in the first subdivision of the said agreement, upon the terms and conditions in said agreement contained.

The plaintiff, his heirs, or assigns, were to elect or determine on or before the tenth day of July, 1877, whether he or they shall purchase the said mining ground upon the terms and conditions specified in the agreement aforesaid. It will be observed that the plaintiff had about seventeen days from the time of making the agreement within which to make himself acquainted with the character and value of the property contracted to be sold, and of the truth or falsity of the representations complained of in this action, before making a purchase of the property. The complaint does not show that plaintiff made any effort between the twenty-third day of June, 1877, and the tenth day of July, 1877, to ascertain the condition, character, or value of the property contracted to be sold, or as to the truth or falsity of the representations complained of in this action, neither does the complaint show that defendant Bledsoe or defendant Moore, their agents, or other persons under them, or either of them, made any effort in any way or manner to induce the plaintiff to forbear inquiry concerning the property, or the property adjoining the same on the east or west boundaries thereof, or to forbear inquiry as to the truth of the statements or representations made by defendant Bledsoe, and set forth in the complaint as the grounds of this action, and from all that appears in the complaint, the plaintiff had full liberty and free access to the property, so that he might become fully acquainted with the same, before he was required under the agreement to purchase or not.

A purchaser is bound to exercise ordinary prudence and discretion, and if the means of knowledge are within his power, and he neglects to make the proper inquiry, he loses his remedy against the vendor for any representations the latter may make. (*Bell* v. *Byerson,* 11 Iowa, 233; *Schemerhorn* v. *George,* 13 Abb. Pr. 315; *White* v. *Leaver,* 25 Barb.

235; *Burton* v. *Willers*, 6 Litt. 32; *Parker* v. *Moulton*, 19 Ames. 315; *Ellis* v. *Andrews*, 15 Id. 379).

False representations as to the condition, situation, and value of real estate knowingly made by the vendor to the purchaser, are not actionable unless the purchaser has been fraudulently induced to forbear inquiry as to their truth, and in such case the means by which he has been thus induced to forbear inquiry must be specifically set forth in the declaration: (*Parker* v. *Moulton*, 19 Am. 315; *Ellis* v. *Andrews*, 15 Id. 379; *Gordon* v. *Parmalee*, 2 Allen, 212; *Brown* v. *Castels*, 11 Cush. 348; *Vesey* v. *Doten*, 3 Allen, 380.)

The complaint is silent as to the acts of the plaintiff concerning the property, and also as to his investigations as to the truth of the representations made to him by defendant Bledsoe, between the twenty-third day of June, 1877, but alleges that on the latter day he notified the defendants by telegraph that he would purchase the property; it further alleges that in pursuance of the terms of the agreement he expended, in the month of July, 1877, in prospecting and developing the mine, the sum of four hundred and thirty-one dollars and eighty-four cents; that he paid to Coston Simmons the sum of two thousand six hundred and twenty-five dollars on the purchase price of said property; that in August, 1877, he expended in prospecting and developing the mine the further sum of four thousand four hundred and nine dollars and ninety-five cents. In September, 1877, for the same purposes, four thousand and one dollars and ninety-nine cents. In October, 1877, for the same purposes, three thousand five hundred and thirty-two dollars and forty-one cents. In November, 1877, for the same purposes, two thousand four hundred and eighty-seven dollars and twenty-nine cents. That he expended for the same purposes in the manner indicated by defendant Bledsoe, but under his own supervision, in December, 1877, the sum of one thousand and ten dollars, and twenty-five cents, and in January, 1878, the further sum of one thousand and fifty dollars and twenty-five cents.

By reference to the agreement it will appear that the

plaintiff was required to expend for the purposes aforesaid one thousand five hundred dollars per month for four consecutive months, commencing after the tenth day of July, 1877, yet notwithstanding said agreement he expended large sums of money for the purposes aforesaid, for three months after the expiration of said four consecutive months, and that his expenditures during said four months were greatly in excess of the amount agreed upon to be expended by the terms of the contract. The complaint does not allege that plaintiff was induced to make such excessive expenditures by reason of any representations made to him by defendants or either of them. They were all made after he entered upon the property, and after he had an opportunity of ascertaining the truth or falsity of the representations made to him by defendant Bledsoe, and after an opportunity of fully understanding the condition, situation, character, and value of the property contracted to be sold to him under the agreement; he made these expenditures after his means of knowing all matters relating to the property were as good as those of the defendants. We conclude therefore that plaintiff did not rely upon the representations made to him by defendant Bledsoe, on and prior to the twenty-third of June, 1877, in making said expenditures, but on the contrary rested upon his judgment in such matters. (Kerr on Fraud and Mistake, 75, 77, 78, and authorities therein cited; *Fallow* v. *Hood*, 34 Pa. St. 305; 2 Pars. on Con. 270, *et seq.; Clark* v. *Enhort*, 63 Pa. St. 347; Story on Con., sec. 510.)

The complaint does not allege that the defendants or either of them represented to the plaintiff that the property contracted to be sold to plaintiff was of value, nor does the complaint allege that the same is not valuable.

Fraud can not be predicated on an inference drawn by plaintiff from statements alleged to have been made by defendants. (Kerr on Fraud and Mistake, 73, *et seq.*, and authorities therein cited.) The allegations in the complaint concerning the adjoining Monarch mine and the Buffalo mine, and the value of the ores taken therefrom, as well as the value of the ores on hand at said mines, can only

be considered as matters of opinion or such general terms of commendation as are permissible.    (Kerr on Fraud and Mistake, 82–84, and citations.)

After a careful consideration of the complaint and agreement we are constrained to the opinion that the defects in the complaint above stated are so fatal in character as to destroy the force of the pleading and prevent a recovery in this action.

There are other points presented by counsel which we do not consider, but prefer to rest our judgment on the grounds above stated.

The judgment of the court below is affirmed.