## BANK OF WOODLAND v. G. W. HIATT.

FRAUD—SALE OF PERSONAL PROPERTY—MISREPRESENTATIONS—RESCISSION. In an action by the assignee of a non-negotiable promissory note, given to one S. for the purchase money of mining stock, the Court in effect found that the stock was of no value, and that the defendant was induced to purchase partly by misrepresentations made by S. and partly by information obtained from others; but that the defendant by reasonable diligence and inquiry might have known the representations to be untrue, and that S., though he knew them to be untrue, did not intend to defraud the defendant, because he believed the mine to be rich and the stock to be worth the money.

*Held*, that the facts stated—in connection with an offer to rescind made within a reasonable time—constituted a defense to the action.

ID.—ID.—ID.—ID.—A purchaser has a right to rely upon representations of the seller as to facts not within the purchaser's knowledge; and the seller can not escape responsibility by showing that the purchaser might have ascertained that such representations were untrue.

APPEAL from a judgment for the plaintiff in the Superior Court of Yolo County. DENSON, J.

After the decision an application for rehearing was made and denied.

*W. B. Treadwell,* for Appellant.

Defendant was entitled to rely on the representations made by Strong, and was not required by law to make any further inquiry. (Kerr, F. & M., 1st Am. ed., 78, 79, 80, 81, 82, 255; Benjamin on Sales, 1st Am. ed., 359, note c; *Roseman* v. *Canovan,* 43 Cal. 110; *Marston* v. *Simpson,* 5 Pac. C. L. J. 45.) The finding that Strong did not intend to cheat or defraud the defendant by said representations is also immaterial; for the Court found that the representations were false, were known by Strong to be false, and were made by him for the purpose of inducing defendant to enter into the transaction. (Story, Eq. Jur. § 193; *Grim* v. *Byrd,* 9 Reporter, 662; *Alvarez* v. *Brannan,* 7 Cal. 503; *Webster* v. *Hawarth,* 8 id. 21.)

*J. C. Ball* and *J. W. Armstrong,* for Respondent.

The defendant by reasonable diligence and inquiry might have known whether the representations made to him by Strong were true, and when such is the case a Court of equity will not interfere to rescind the contract. (*Board of Commissioners* v. *Younger,* 29 Cal. 176; 1 Story's Equity Juris. §§ 191, 195, 203 b; *Hough* v. *Richardson,* 3 Story's Rep. 690, 691; *Fagan* v. *Newson,* 1 Dev. 20; *Vernon* v. *Keys,* 12 East, 616; *Moore* v. *Turbeville,* 2 Bibb, 602; S. C., 5 Am. Dec. 642; *Saunders* v. *Hutterman,* 2 Ired. 32; *Farrar* v. *Alston,* 1 Dev. 69; 2 Parsons on Contracts, 4th ed. 270, 271; *Slaughter* v. *Gerson,* 13 Wall. 379; *Clark* v. *Macintosh,* 4 Giff. 134; *Brown* v. *Leach,* 107 Mass. 364; *Bacon* v. *Bunsen,* 7 John. Ch. 201.)

SHARPSTEIN, J.:

The appellant purchased of one Strong one thousand shares of mining stock, and gave him therefor his (appellant's) non-negotiable note for eight hundred dollars, payable twelve months after date. It was transferred to the respondent, who brought an action and recovered upon it. This appeal is from the judgment. The defense to the action was that the stock was not, at the time of appellant's said purchase, or when this action was commenced, of any value, and that ap-

pellant was induced to purchase it by the false and fraudulent representations of Strong. The value of the stock depended entirely upon the condition and character of a certain mine known as the "Excelsior Mine," and the Court found that Strong, for the purpose of inducing appellant to purchase said stock, represented to him, among other things, "that no work was required to be done on said mine, except to put in blasts and blow the ore out and have it milled, which was untrue; and further represented that there was then, on the dump of said mine, ore of the value of ten thousand dollars, and that one Jones and another had taken ore from said mine to the value of six thousand dollars; which latter two representations were also untrue, and the defendant, by reasonable diligence and inquiry, might have known them to be untrue; and, while the said Strong knew them to be untrue, he did not intend at the time to cheat, wrong, or defraud the defendant, because he, at the same time, believed said mine to be rich, and said stock to be fully worth the price paid therefor."

The Court also found that "the defendant believed that the Excelsior Mine was of immense value, and bought said stock as a speculation, partly upon the representations made by Strong and partly upon information obtained from others.

"At the time of said transaction, and for some months thereafter, the said Excelsior stock was selling in this vicinity for from seventy-five cents to one dollar per share, and was of that value for the purposes of sale; but the said stock is now of no value whatever, and the said Excelsior Mine is of no value.

"The defendant, on or about the 10th day of December, 1877, discovered that said mining stock was worthless, and that the representations upon which he had relied were untrue; and within a reasonable time thereafter, to wit, on December 20th, 1877, tendered the said stock to said Strong, as averred in his answer, and said Strong refused to receive the same, and has ever since refused so to do. The defendant is now ready and willing to surrender said stock, and has tendered and left the same with the clerk of said Court."

It appears from another finding of the Court, that the mine referred to is located in Arizona, and it does not appear that

appellant ever inspected or visited it. The Court, however, finds that by reasonable diligence and inquiry he might have known that the representations of Strong were untrue. As to what the Court would consider "reasonable diligence and inquiry" we are wholly left to conjecture.

But as we view the case, that finding is quite immaterial. Strong made misrepresentations, knowing them to be such, for the purpose of inducing the appellant to purchase stock of no value; and the latter believing such representations to be true, purchased the stock and gave the note sued on for it. That, in connection with the offer, within a reasonable time, to rescind the contract, by tendering the stock to Strong, and demanding the note from him, constituted a perfect defense to the action upon the note. Appellant had a right to rely upon Strong's representations as to facts that were not within his (appellant's) knowledge, and Strong can not escape responsibility by showing that appellant might have ascertained that such representations were untrue. It is sufficient that Strong made them, knowing them to be untrue, for the purpose of inducing the appellant to purchase worthless stock, and that he accomplished his purpose by reason of appellant's belief and reliance in the truth of them. It is unnecessary to cite authorities upon this question. The appellant was entitled to a judgment in his favor upon the findings.

Judgment reversed, with directions that a judgment be entered in favor of the defendant upon the findings.

MYRICK, J., MORRISON, C. J., and THORNTON, J., concurred.