HOFFMAN v. WILHELM ET AL.

1. **Mortgage:** DISCHARGE OF: NEW NOTE: SECOND MORTGAGE. The renewal of the note secured by a mortgage does not work a discharge of the mortgage; neither does the giving of a second mortgage to secure the debt, unless by special agreement. (*Packard v. Kingman*, 11 Iowa, 219.)

2. ——: RELEASE PROCURED BY FRAUD: ATTACHING CREDITORS. If the release of a mortgage is procured by the fraud of the mortgagor, subsequent attaching creditors obtain no better rights than the mortgagor has in the mortgaged property. (*Vannice v. Bergen*, 16 Iowa, 555.)

3. ———: PURCHASE BY MORTGAGEE: MERGER.  A purchase of the mortgaged property by the mortgagee does not operate as an extinguishment of the mortgage, when it is the intention to keep the mortgage alive, or the interest of the mortgagee to do so, and it can be done without prejudice to the rights of the mortgagor or third parties.  (*Vannice v. Bergen*, 16 Iowa, 555.)

4. **Fraud:** FALSE REPRESENTATIONS AS TO VALUE.  Where plaintiff was in possession of a stock of goods under a chattel mortgage, and he discharged the mortgage of record, relying upon the representations of the mortgagee that the goods were worth $4,500, when in fact they were worth only about half that sum, *held* that such representations were mere opinions as to value, on which he was not justified in relying, and that the law could afford him no relief.  See cases cited in opinion.

*Appeal from Jackson Circuit Court.*

WEDNESDAY, APRIL 7.

THIS is an action in equity, by which the plaintiff seeks to set aside and cancel the release and satisfaction of a chattel mortgage, upon the ground that the release was procured from him by means of certain alleged fraudulent representations made by the defendant Wilhelm, the maker of the mortgage, and others.  There was a demurrer to the petition, which was sustained, and plaintiff appeals.

*Chas. M. Dunbar*, for appellant.

*G. L. Johnson, Ellis & McCoy, D. A. Fletcher* and *W. C. Gregory*, for appellees.

ROTHROCK, J.—It appears from the averments of the petition, and certain amendments thereto, that in the year 1884 the defendant H. R. Wilhelm embarked in the grocery business.  He appled to the plaintiff for a loan of money to assist in the enterprise.  A loan of $800 was made in pursuance of the request, for which Wilhelm executed to plaintiff his promissory note.  Afterwards other sums of money were loaned to Wilhelm by plaintiff, and plaintiff became surety for Wilhelm to others, until the total amount of money loaned and

liabilities incurred amounted to some $2,400.   In November, 1884, Wilhelm executed to plaintiff his promissory note for $900, and a mortgage on certain real estate to secure the same, and at the same time executed to plaintiff a chattel mortgage to secure the note.   In December, 1884, the defendant Wilhelm and his counsel called on the plaintiff, and requested him to cancel his real estate mortgage, and accept, as security for his entire indebtedness, a chattel mortgage upon the stock of goods in the store of Wilhelm, representing to plaintiff that the stock of goods was worth $4,500.

The change was accordingly made.   On the same day, and after the chattel mortgage was filed for record, it was canceled, and another one executed and filed for record on the twenty-third day of December, 1884, and on the same day the plaintiff took possession of the stock of goods by virtue of his chattel mortgage.   Thereupon, and on the same day, certain creditors of Wilhelm caused writs of attachment to be levied on the goods.   On the next day the plaintiff's attorney informed the plaintiff that certain creditors of Wilhelm were threatening to obtain writs of attachment from the federal court; that the stock would be attached, taken to Dubuque, causing great loss and expense, and, as the stock was worth at least $4,500, there would be sufficient to satisfy plaintiff's claim, even if the attachments which had been levied should be held to be a prior lien; and that, in order to prevent the levy of writs from federal court, it would be better for plaintiff to take out a writ of attachment, and cancel the mortgage. The chattel mortgage included all goods on hand, and all good that might thereafter be purchased and added to the stock during the life of the mortgage.   The charge of fraud, as shown by the petition, is as follows:   " To which suggestion and representation, namely, to cancel said mortgage, your petitioner objected, for the reason that he had no personal knowledge of the amount or value of said goods, and he was fearful that there was not $4,500 worth of goods in said stock, and that said stock would not pay his claim or lien; that said

conversation occurred in the office of said Thomas, and the defendants, H. R. Wilhelm and E. B. Wilhelm, were present, and said H. R. Wilhelm then stated that there was not less than $4,500 worth of stock on hand; that he knew that fact of his own personal knowledge; that he could prove it to be true by the bills on hand, and that the stock would invoice that amount; and he also asserted that there could be no possible doubt of the fact, as stated, that the actual value of the stock was $4,500. And at the same time said H. R. Wilhelm called upon his brother, E. B. Wilhelm, to state the value of said stock, and said E. B. Wilhelm stated to your petitioner, in the presence of said H. R. Wilhelm and said Thomas, that there was stock on hand at that date to the amount and value of $4,500; that he knew this fact from his own personal knowledge of the stock and its value; that there could be no doubt of this fact, and it would be sufficient to pay the claim of your petitioner in full. And your petitioner avers that he was ignorant as to the value of said stock of goods for the reasons herein stated. And your petitioner avers and charges that said representations so made by defendants H. R. Wilhelm and E. B. Wilhelm were false and fraudulent; that the actual cash value of said stock at the time did not exceed $2,000 to $2,200; and he avers and charges that, relying on said representations, and believing them to be true, he was induced to consent to enter release of said mortgage on the margin of said record, and for no other consideration whatever." The relief demanded was that the release of the mortgage be canceled and declared void, and that the mortgage be declared a lien upon the proceeds for the mortgaged property, which had been sold by a receiver appointed by the court, and that said lien be held superior to the lien of attaching creditors. The demurrer was to the effect that the facts stated in the petition do not entitle plaintiff to the relief demanded, nor to any relief.

Counsel for appellant insist that a mortgage can be extinguished only by the payment of the debt. He cites authori

**1. MORTGAGE: discharge of: new note: second mortgage.** ties to support this proposition. This was a work of supererogation. It is everywhere held that the renewal of a note secured by a mortgage does not operate as a discharge of the mortgage; and, when a second mortgage is executed to secure the debt, the first mortgage is not discharged, unless by agreement of the parties. *Packard v. Kingman*, 11 Iowa, 219; *Hill v. Beebe*, 13 N. Y., 556. The material question in the case is whether the release of the mortgage was obtained by fraud. For it

**2. ——: release procured by fraud: attaching creditors.** may be conceded that, if the release was fraudulent, the attaching creditors stand in no better position than Wilhelm would if this action had been against him alone. *Vannice v. Bergen*, 16 Iowa, 555. It is a general rule, which has quite frequently been acted upon by this court, that a purchase by the mortgagee of the mortgaged property does not operate as an extinguishment of the mortgage, when it is the intention to keep

**3. ——: purchase by mortgagee: merger.** the mortgage alive, or when it is the interest of the mortgagee to keep it alive, and it can be done without prejudice to the rights of the mortgagor or third persons. *Vannice v. Bergen, supra.* That rule is usually applied when lienholders who become such subsequent to the mortgage claim that, the mortgage being satisfied, their liens become superior to the title conveyed to the mortgagee. But the rule has no application in this case. The plaintiff voluntarily surrendered his mortgage. He intended to and did release it, and adopted another remedy for the collection of his debt, by attachment. How much influence the advice of his attorney had in bringing this about we need not stop to determine. It is probable that, as mortgages of this character are held as fraudulent and void in the federal courts, that consideration may have had some influence with the attorney in advising the release of the mortgage and a resort to attachment.

The plaintiff claims that he was induced to make the release by the false statement and representation of Wilhelm and his

4. FRAUD:
false repre-
sentations as
to value.

clerk that the goods were of the value of $4,500. Here, again, we have the familiar case of a party claiming relief on the ground that he was induced to act by a fraudulent representation of the value of property. The general rule is that representations as to value are regarded as mere opinions, which do not amount to false representations; and there is nothing in this case to take it out of the rule. The plaintiff was in possession of the goods when the representation was made, and had full opportunity to satisfy himself of the truth or falsity of the representation. He was not justified in relying upon statements as to value. *Bell v. Byerson*, 11 Iowa, 233; *Longshore v. Jack*, 30 Id., 298; *Dawson v. Graham*, 48 Id., 378; *Brown v. Castles*, 11 Cush., 350; *Hartman v. Flaherty*, 80 Ind., 472.

We think the demurrer to the petition was correctly sustained.

AFFIRMED.