McAdam, Oh. J.
We need not seriously consider the exceptions taken in regard to the alleged parol agreement made contemporaneously with the lease, as no such independent agreement is pleaded by the defendant. The surrender claimed to have been accomplished by leaving the keys with the janitor of the building is ineffectual, because he had no implied authority to accept a surrender of the defendant’s lease, and no express authority was proved.
The regulations endorsed on the lease define the janitor’s duties; he was to keep the halls clean, superintend the building, remove ashes and send coal and wood up to the tenants. The power to release tenants from their contract obligations can neither be implied from the janitor’s position nor from this enumeration of his menial duties.
The keys were never tendered to the landlord or his agent who let the rooms, nor was either consulted about accepting a surrender. No agreement to accept can be implied from what occurred. The exceptions during the-trial are formidable in number, but on careful examination they will be found to be shadowy and without real merit. *515 See Todd v. Union Dime Sav. Inst., Daily Register, May 10, 1887.
The real defense is that the defendant quit the premises because the rooms occupied by him were overrun with vermin, to wit: bedbugs, cockroaches, croton water bugs and red ants, making it inconvenient to inhabit the premises and rendering th,em untenantable. These annoyances, it is claimed, constitute a constructive eviction of the tenant, but there is no warrant in law for the claim. The maxim caveat emptor applies to the leasing as well as to the transfer of real or personal property, and the lessee or purchaser takes the risk of its quality and condition, unless he protects himself on the subject by express agreement. Cleves v. Willoughby, 7 Hill, 83; Meeks v. Bowerman, 1 Daly, 100; Mayor v. Buller, 1 Hill., 491; Schermerhorn v. Gouge, 13 Abb. Pr., 315; Edwards v. N. Y. C. R. R. Co., 98 N. Y., 245. In other words, he takes the premises for better or for worse. Bloomer v. Merrill, 1 Daly, 496; Mumford v. Brown, 6 Cow., 476.
This rule is particularly applicable to the present case because the defendant had- occupied the rooms before he executed the lease sued upon, and is chargeable with a knowledge of their condition. The landlord, in the absence of fraud or express condition, is not responsible for the presence of rats, mice, bugs or roaches about his premises.
If a tenant knowingly or ignorantly takes such a house, he must either suffer the inconvenience incident to the hiring or must rid the premises of his pests in such manner as may prove most effective. He may, if he desires,invoke the assistance of the board of health, but this dernier resort would have been unprofitable, for the tenant in the present case, agreed in his lease to obey all lawful orders of the health board, so that the expense charged by that department would have collectible from him. The tenant choose to move from the premises, he had the right to exercise this privilege, but his abandonment does not reheve him from his obligation to perform the covenants to pay contained in the lease under which he held the premises.
The legislature has passed a statute relieving tenants from their common law obligations, where the demised premises have been destroyed by fire, tempest or other sudden and unexpected event. Laws 1860, chap. 345; Suydam v. Jackson, 54 N. Y., 453), but the legislative sense of relief to tenants has not as yet reached the case of rats, mice, bugs, roaches or other vermin, and all questions as to them must be decided according to the wisdom of the common law. The inconvenience is one to which all more or less subject at times; but which, with ordinary skill and attention, may be abated by the tenant.
*516 The defendant ought to have dealt with these pests, as the common lot of humanity have to deal with them, and that is by the most improved methods of extermination. As all events, their presence constituted no defense. Westlake v. De Graw, 25 Wend., 672.
In Smith v. Marrable (11 M. & W., 5), it was held, that when a ready furnished house is let for a temporary residence at a watering place, there is an implied condition that it is reasonably fit for habitation, and that the tenant may quit without notice upon its appearing to be infested with bugs. The fact that the hiring was for temporary purposes is the sole justification for this decision.
Its accuracy has been doubted (Smith & Soden’s L. & T., by Carl, 187), and the doctrine limited to a furnished house, let subject to an express condition that it was fit for occupation. Id., 138.
There was no defense to the action, and the judgment entered on the verdict directed by the trial judge must be affirmed, with costs.
Hyatt, J., concurs.