### DOWNING v. NELSON.

(Supreme Court, Appellate Term.    March 2, 1906.)

1. ATTACHMENT—COMPLAINT—INSUFFICIENCY—DAMAGES.

  A complaint for false and fraudulent representations, inducing plaintiff to lease certain premises, charged that, in consequence of such misrepresentations, and as damages caused thereby, plaintiff was compelled to and did expend $236.11 to put the furnace, range, and plumbing in fit shape for use; the sum of $36 for a caretaker; $32.50 for coal while making repairs; $400 for two months' rent, during which time the necessary repairs were being made; and $400 for loss of business and profits. *Held*, that the complainant did not allege any proper measure of damages, and was therefore insufficient to sustain an attachment.

Appeal from City Court of New York, Special Term.

Action by Mary H. Downing against Susan B. Nelson. From an order of the City Court denying defendant's motion to vacate an attachment for insufficiency of the papers, she appeals. Reversed.

Argued before SCOTT, P. J., and GIEGERICH and GREENBAUM, JJ.

George E. Gartland, for appellant.

George F. Langbein, for respondent.

GIEGERICH, J. The defendant moved to vacate the attachment issued in favor of the plaintiff, upon the ground that the papers upon which the same was granted were "defective and insufficient." The "papers" referred to was an affidavit, which referred to the complaint, and made it a part of such affidavit, and which set forth, in substance, that the plaintiff, by reason of the false and fraudulent representations made to her by the defendant as to the condition of the furnace, ranges, and plumbing in certain premises, was induced to and did enter into a lease therefor for the term of one year from the 1st day of January, 1904, at the yearly rental of $2,700; that in consequence of said mis-

representations, and as damages caused thereby, the plaintiff was compelled to and did expend the sum of $236.11 to put the furnace, range, and plumbing in fit shape for use; the sum of $36 for a caretaker; $32.-50 for coal while making said repairs; $400 for two months rent, during which time the necessary repairs were being made; and $400 for loss of business and profits.

Without passing upon the question as to whether or not the plaintiff can maintain an action under the facts set forth in the complaint (Schermerhorn v. Gouge, 13 Abb. Prac. 315), it is clear that the complaint does not set forth any legal measure of damages. (Heyward v. Willmarth, 87 App. Div. 125, 84 N. Y. Supp. 75; Thomson-Houston Electric Co. v. Durant-Lane Improvement Co., 144 N. Y. 34, 39 N. E. 7). The motion to vacate the attachment should therefore have been granted.

Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs. All concur.

Order reversed, with $10 costs and disbursements.