(May 28, 1923.)

## R. B. BURGER, Appellant, v. JOHN CALEK, ANEONIA CALEK and FIRST NATIONAL BANK OF NAMPA, IDAHO, Respondents.

[215 Pac. 981.]

FRAUD AND DECEIT—REPRESENTATION OF FACT—RELIANCE BY VENDEE—INDEPENDENT INVESTIGATION—REVERSIBLE ERROR.

Where a vendor makes material representations of fact, which are of such a nature that a person of ordinary prudence might rely upon them, the vendee may so rely, and is not bound to make an independent investigation.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Hon. Ed. L. Bryan, Judge.

Action for fraud and deceit, arising out of contract for purchase of land, with cross-complaint for balance of purchase price. Judgment for defendants. *Reversed.*

Rhodes & Partridge, for Appellant,

If the respondent in making the representations complained of made them recklessly and without regard to their truth or falsity, he cannot be excused on the ground that he did not have positive knowledge of their falsity. (*Johnson v. Holderman,* 30 Ida. 691, 167 Pac. 1030; *Parker v. Herron,* 30 Ida. 327, 164 Pac. 1013; 12 R. C. L. 337; 26 C. J. 1112; *Faluks Acc. Air Motor Co. v. Thies,* 26 Nev. 158, 99 Am. St. 684, 65 Pac. 373; *Howe v. Martin,* 23 Okl. 561, 138 Am. St. 840, 102 Pac. 128; *Lahay v. City Nat. Bank*

Publisher's Note.

What amounts to false representation of existing fact, see note in 1 Ann. Cas. 980.

Right to rely upon representations made to effect contract as basis for a charge of fraud, see notes in 37 L. R. A. 593; L. R. A. 1917C, 273.

*of Denver,* 15 Colo. 339, 22 Am. St. 407, 25 Pac. 704;
*Alvarez v. Brannan,* 7 Cal. 504, at 508, 68 Am. Dec. 274.)

The plaintiff had a right to rely upon the positive asser-
tions of the respondent to the effect that the lands were not
subject to seepage, and was under no obligation to make an
independent investigation for himself even though such an
investigation might have revealed the true condition of
affairs. (*Baird v. Gibberd,* 32 Ida. 796, 189 Pac. 56;
*Teague v. Hall,* 171 Cal. 668, 154 Pac. 851; *California Nat.
Supply Co. v. O'Brien,* 51 Cal. App. 606, 197 Pac. 414;
*Watson v. Molden,* 10 Ida. 570, 79 Pac. 503; *Mead v. Bunn,*
32 N. Y. 275; *Dow v. Swain,* 125 Cal. 674, 58 Pac. 271;
*Gannon et al. v. Hausaman,* 42 Okl. 41, 140 Pac. 407, 52
L. R. A., N. S., 519; *Curtley v. Security Sav. Society,* 46
Wash. 50, 89 Pac. 180; *Whittaker v. Miller,* 188 Mo. App.
412, 174 S. W. 115; *Murray v. Davies,* 77 Kan. 767, 94 Pac.
283; *Neher v. Hansen,* 12 Cal. App. 370, 107 Pac. 565;
*Pallister v. Camenisch,* 21 Colo. App. 79, 121 Pac. 958;
*King v. Livingston Mfg. Co.,* 180 Ala. 118, 60 So. 143;
*Wilks v. Wilks,* 176 Ala. 151, 57 So. 776.)

Wm. C. Bicknell, W. A. Stone and F. A. Hagelin, for
Respondents.

"Even though an isolated instruction, considered alone,
may be erroneous and misleading, when the instructions as
a whole state the law correctly, no reversible error is com-
mitted." (*Tyson Creek R. R. Co. v. Empire Mill Co.,* 31
Ida. 580, 174 Pac. 580; *Lyons v. Lambrix,* 33 Ida. 99, 190
Pac. 356; *Raide v. Dollar,* 34 Ida. 682, 203 Pac. 469;
*Taylor v. Lytle,* 29 Ida. 546, 160 Pac. 942; *Cady v. Keller,*
28 Ida. 368, 154 Pac. 629.)

"A representation believed on reasonable ground, by the
party making it, to be true, is not fraudulent." (*Johnson
v. Holderman,* 30 Ida. 691, 167 Pac. 1030.)

"Means and opportunity of acquiring knowledge of
fraudulent representations inducing the sale of land are
equivalent to knowledge." (*Lee v. McClelland,* 120 Cal.

147, 52 Pac. 300; *Rendell v. Scott,* 70 Cal. 514, 11 Pac. 779; *Reynolds v. Palmer,* 21 Fed. 433.)

McCARTHY, J.—This is an action for fraud and deceit. Appellant purchased of respondents John and Aneonia Calek about 40 acres of land and certain personal property for $12,000. He alleges that respondent John Calek, in order to induce him to purchase the land, falsely and fraudulently represented to him that it was not subject to seepage; that he believed and relied upon said representation and purchased the land; that said land was subject to seepage to appellant's damage in the sum of $5,000. Respondent bank was joined for the purpose of restraining it from delivering to the other respondents certain notes, which had been given by appellant, and a deed which had been placed in escrow. Respondents denied all the material allegations of the complaint, and cross-complained to recover $1,000 due on the purchase price. The verdict and judgment were for respondents.

The only specification of error upon which appellant stands is that the court erred in giving instruction No. 4, as follows:

"You are instructed that in a transaction such as the one upon which this action is based, that where parties have equal means of knowledge as to the truth of representations relating to the condition or quality of the thing sold, no action for fraud or deceit will lie, and in this case, if you believe from the evidence that the plaintiff, Burger, could by reasonable investigation and inquiry, have ascertained the actual condition of the land involved, he cannot recover damage from the defendant."

In territorial days this court rendered a decision which supports the above instruction. (*Brown v. Bledsoe,* 1 Ida. 746.) At that time the weight of authority was perhaps to that effect. In later years this court and many others have been breaking away from that harsh rule. In *Watson v. Molden,* 10 Ida. 570, at 581, 79 Pac. 503, 506, this court

quoted with approval the following from the American and English Encyclopedia of Law:

"By the overwhelming weight of authority, ordinary prudence and diligence do not require a person to test the truth of representations made to him by another as of his own knowledge, and with the intention that they shall be acted upon if the facts are peculiarly within the other party's knowledge or means of knowledge, though they are not exclusively so, and though the party to whom the representations are made may have an opportunity of ascertaining the truth for himself."

In *Baird v. Gibberd,* 32 Ida. 796, 189 Pac. 56, in the sixth paragraph of the syllabus, this court says:

"One has a right to rely upon a statement of a material fact made as a positive assertion under circumstances from which it is fairly inferable that the parties making the statement knew that the former was relying expressly upon their representations. Under such circumstances the one to whom the representations are made is under no obligation to inquire into their truth or falsity."

This is in accord with many well-considered cases. The rule is well stated by the supreme court of Alabama as follows:

"If a false statement is made by one who may be fairly assumed to know what he is talking about, it may be accepted as true, without question and without inquiry, although the means of correct information are within reach; contributory negligence not being a defense to an action for deceit." (*King v. Livingston,* 180 Ala. 118, 60 So. 143.)

The supreme court of Minnesota says:

"The maxim *caveat emptor* is not to be carried so far that the law shall ignore or protect positive fraud successfully practiced upon the unwary.

"As between the original parties, one who has intentionally deceived the other to his prejudice ought not to be heard to say, in defense, that the other party ought not to have trusted him." (*Erickson v. Fisher,* 51 Minn. 300, at 303, 53 N. W. 638.)

The supreme court of Michigan says:

"Where one assumes to have knowledge upon a subject of which another may well be ignorant, and knowingly makes false statements regarding it upon which the other relies, to his injury, we do not think it lies with him to say that the party who took his word and relied upon it as that of an honest and truthful man, was guilty of negligence in so doing, as to be precluded from recovering compensation for the injury which was inflicted upon him under cover of the falsehood. If a party's own wrongful act has brought another into peril, he is not at liberty to impute the consequences of his acts to a want of vigilance in the injured party, when his own conduct and untruthful assertions have deprived the other of that quality and produced a false sense of security." (*Eaton v. Winnie,* 20 Mich. 156, at 166, 4 Am. Rep. 377.)

The supreme court of North Dakota says:

"Ordinarily, one who buys property has a right implicitly to rely upon representations of the seller; and, if they were false and made with intent to deceive the purchaser, the seller will not be allowed to urge that the buyer, by investigation, could have discovered their falsity." (*Fargo Gaslight & Coke Co. v. Fargo Gas & Electric Co.,* 4 N. D. 219, 59 N. W. 1066, 37 L. R. A. 593. See, also, *Bank of Woodland v. Hiatt,* 58 Cal. 234; *Teague v. Hall,* 171 Cal. 668, 154 Pac. 851; *Mead v. Bunn,* 32 N. Y. 275; *Foley v. Holtry,* 43 Neb. 133, 61 N. W. 120; *Gannon et al. v. Hausaman,* 42 Okl. 41, 140 Pac. 407, 52 L. R. A., N. S., 519; *Curtley v. Security Sav. Society,* 46 Wash. 50, 89 Pac. 180; *Murray v. Davies,* 77 Kan. 767, 94 Pac. 283; *Wilks v. Wilks,* 176 Ala. 151, 57 So. 776; 2 Pomeroy's Equity Jurisprudence, 4th ed., secs. 895, 896.) In line with the above authorities we conclude that where the vendor makes material representations of fact concerning the condition or quality of the land or article sold, of such a nature that a man of ordinary prudence might rely upon them, the vendee is justified in so relying, and is under no duty to make an independent investigation. There was competent evidence tending to

show such a representation in this case, and the giving of the instruction complained of was error.

Respondents contend that the error is not reversible because the evidence would not support any other verdict than one for the respondents. We have examined the evidence and cannot agree with this contention. While there is a conflict there is sufficient competent evidence to go to the jury, to establish the material allegations of the complaint. Respondents also contend that no damage is shown. This court has held that there can be no recovery in an action for fraud and deceit if the article purchased turns out to be of greater value than the amount paid. (*Frank v. Davis,* 34 Ida. 678, 203 Pac. 287.) Respondents contend that there is no evidence in this record to show that the value of the land was less than the purchase price. The purchase price was about $250 per acre. One Glougie, a real estate dealer living and doing business in the vicinity, testified that he examined the land in March, 1921, and that in his opinion it was worth at the time of the sale about $125 an acre. The sale occurred in April, 1920, eleven months before he examined the land. Respondents contend that for this reason his testimony is absolutely incompetent, and the record is barren of any evidence. We conclude that the circumstance that Glougie examined the land eleven months after the sale goes to the weight of his testimony, and was for the jury to consider, but does not render his testimony incompetent. There is no evidence of any material change in the character of the land between the time of the sale and his examination.

For the foregoing reasons the judgment is reversed, with costs to appellant.

Dunn and William A. Lee, JJ., concur.