## GRANNIS vs. HOOKER.

PLEADING *complaint in action for money obtained by fraud — Objection to admission of any evidence equivalent to a demurrer.*

1. A general objection, at the trial, to the admission of any evidence under the complaint, on the ground that it does not state a cause of action, is equivalent to a demurrer on that ground.
2. A complaint which alleged, in substance, that defendant received from plaintiff a specified sum to plaintiff's use, and also alleged demand and refusal of payment, *held*, sufficient on demurrer.
3. Under such a complaint *it seems* that plaintiff may show that defendant obtained the money from him *by fraud.*
4. If defendant is entitled to have the facts relied upon as the cause of action more fully and specifically stated (which is not decided), he should move to have the complaint made more definite and certain.

APPEAL from Circuit Court for *Fond du Lac* County.

Action to recover money received by the defendant to plaintiff's use.

The complaint alleges, in general terms, the receipt of $535, by the defendant to the plaintiff's use, demand of payment, and a refusal to pay over the same, or any part thereof.

The answer is a general denial.

In his opening at the trial, the plaintiff's attorney stated the facts which he expected to prove, showing that the plaintiff was induced to pay over to the defendant the money sued for, by means of certain false and fraudulent representations made to him by the latter, relative to the purchase of oil lands for a company of which he was a member.

The defendant objected to the admission of any evidence under the complaint, on the ground that it does not state facts sufficient to constitute the cause of action stated by the plaintiff's counsel in his opening.

The objection was sustained and judgment of nonsuit entered; from which the plaintiff appeals.

*Gerrit T. Thorn*, for appellant, as to the right to maintain the action in the present form, cited 3 Blackstone Com., 162;

*Hasser v. Wallis*, 1 Salkeld. 28 ; *Lockwood v. Kelsea*, 41 N. H., 185 ; *Bliss v. Thompson*, 4 Mass., 488 ; *Lyon v. Annable*, 4 Conn., 350 ; *Morgan v. Palmer*, 2 Barn. & C., 729 ; *Hinsdill v. White*, 34 Vt., 558 ; *Rheel v. Hicks*, 25 N. Y., 289 ; *Tollenson v. Gunderson*, 1 Wis., 113 ; *Woodward v. Hill*, 6 id., 143 ; *Simmons v. Putnam*, 11 id., 193 ; *Flanders v. Thomas*, 12 id., 410 ; *Lawton v. How*, 14 Wis., 241 ; *Tenney v. Allen*, 16 id., 478. As to the sufficiency of the complaint, he cited, *Fisher v. Fisher*, 5 Wis., 472 ; 2 Greenleaf's Ev., 98 ; *Betts v. Bache*, 14 Abb. Pr., 279 ; *Second Av. R. R. Co. v. Coleman*, 24 Barb., 300 ; *Adams v. Holley*, 12 How., 326 ; *Allen v. Patterson*, 7 N. Y., 476 ; *Cudlipp v. Whipple*, 4 Duer, 610.

*Gillet & Taylor*, for respondent, cited, *Wolf v. Stoddard*, unreported ; 2 Duer, 670 ; 35 Barb., 76 ; 4 Bosw.,. 337 ; 27 Barb., 424 ; 1 E. D. Smith, 416 ; 1 Whittaker's Pr., 849 ; 12 Legal Obs., 29.

COLE, J. The question arising in this case is really whether the complaint states a cause of action. The complaint contains what, under the former system of pleading, would be called a count for money had and received. On the trial, the attorney of the plaintiff made a statement of facts to the court and jury out of which the action arose, and then proceeded to support the issue on the part of the plaintiff by calling and having sworn a witness. Whereupon the defendant objected to any evidence being given under the complaint, on the ground that it did not state facts sufficient to constitute a cause of action. This objection was sustained. The case therefore stands in the same attitude that it would on a general demurrer to the complaint.

We are inclined to hold the complaint sufficient on demurrer. According to the statement made in his opening by the plaintiff's counsel, the defendant procured the money sued for by means of fraud in an oil land speculation. It is claimed by the defendant that all the facts in respect to the alleged fraud should have been distinctly stated in the complaint, otherwise

the plaintiff is not entitled to prove them. On the other hand, it is claimed that all it is necessary the complaint should contain is substantially an allegation that the defendant has received a certain amount of money to the use of the plaintiff, as in the old form of a declaration in *indebitatis assumpsit*. We are inclined to sanction this latter view, and to hold that the facts which, in the judgment of the law, create the indebtedness or liability need not be set forth in the complaint. If the complaint does not state with sufficient certainty the facts in respect to the defendant's obtaining the money from the plaintiff, the better practice is to move to have the pleading made more definite and certain. But, we really do not see any more reason for requiring the complaint to state all the facts and circumstances about the manner the defendant received or obtained possession of money which in equity and good conscience he ought to pay over to the plaintiff, than, in case of a payment or loan of money, to require the pleading to contain all the facts in respect to such loan or payment. A complaint alleging that the defendant was indebted to the plaintiffs in a specified sum for goods sold and delivered to the defendant at his request, and that such sum was due, was held to be sufficient on demurrer in *Allen v. Patterson*, 7 N. Y., 476. Also a complaint to recover for money lent to and paid, laid out and expended for the defendant, at his request, was held sufficiently definite and certain on motion in *Cudlipp v. Whipple*, 4 Duer, 610. The statement of the facts showing that the defendant had received money to the use of the plaintiff, which he was bound to pay over to him, was of the most general character, in *Bates v. Cobb*, 5 Bosworth, 29; *Adams v. Holley*, 12 How. P., 326; *Betts v. Bache*, 14 Abb. Prac. R., 279; *Sloman v. Schmidt*, 8 do., 5; *Goelth v. White*, 35 Barb. R., 76, and yet the actions were sustained.

The case of *Lienan v. Lincoln*, 2 Duer, 670, is cited by the defendant's counsel in support of the position that a general allegation in a complaint that the defendant has received money to the use of the plaintiff is bad on demurrer. But a just criti-

cism upon this case will be found in note 4, p. 213, Tiff. & Smith, N. Y. Prac. The editor says that, although the head note in *Lienan v. Lincoln*, states such a doctrine, yet that the complaint there alleged that the defendant was indebted to the plaintiff's assignor " for moneys, *notes* and *effects* before that time had and received," while the account annexed showed that more than all the balance claimed consisted of promissory notes received by the defendant, and there was no allegation that these notes had been paid so as to render the defendant liable for their amount. In the case before us it is, in substance, averred that the defendant received from the plaintiff five hundred and thirty-five dollars to the use of the plaintiff ; that the plaintiff has demanded the payment thereof, and that the defendant has refused to pay the same or any part thereof. We are inclined to hold this complaint sufficient in substance.

*By the Court.*—The judgment of the circuit court is reversed, and a new trial ordered.