(November 28, 1905.)

## ABRAMS v. WHITE.

[83 Pac. 602.]

· PROBATE COURTS—JURISDICTION—SUITS IN EQUITY—DEMURRER.

1. The probate courts of this state have exclusive jurisdiction of the settlement of estates of deceased persons subject to appeal to the district court for review of any proceeding had therein.

2. Equity will not lend its aid in an original proceeding in the district court, unless it is shown that fraud has been perpetrated in the probate court. The particular act and thing constituting the fraud must be definitely and positively alleged, and that the party is without remedy elsewhere than in a court of equity.

3. A demurrer will be sustained to a complaint in equity that fails to allege fraud in the probate court, and also show the necessity for the prosecution of the action in the court of equity.

APPEAL from the District Court of Nez Perce County. Honorable Edgar C. Steele, Judge.

Judgment for defendants, from which plaintiffs appeal. Judgment affirmed.

The facts are stated in the opinion.

F. D. Culver, for Appellant.

Equity has the power to set aside the judgment or decree of any court. (Pomeroy's Equity Jurisprudence, sec. 919.) Whenever a judgment or decree of any court has been obtained by fraud, the fraud is regarded as perpetrated upon the court, and equity will cancel it. (Pomeroy's Equity Jurisprudence, sec. 919.) In the exercise of its power in . civil causes the probate court is of peculiar and limited jurisdiction, and not a court of general jurisdiction. (Code Civ. Proc. 1901, sec. 3696.) Courts of equity have concurrent jurisdiction with courts of probate of all matters of guardianship and settlement of estates of deceased persons. (*Trotter v. Mutual Reserve etc. Ins. Assn.*, 9 S. Dak. 596, 62 Am. St. Rep. 887, 70 N. W. 843; *Bailey v. Bailey*, 67 Vt. 494, 48 Am. St. Rep. 826, 32 Atl. 470; *Deck v. Gerke*, 12 Cal. 433, 73 Am.

Dec. 555.) "When a bill in equity contains an allegation of fraud, it is a general rule that such allegation must be denied by answer, and a general demurrer will not be allowed." (9 Ency. of Pl. & Pr. 685.) "The doctrine of *caveat emptor* applies, and requires purchasers to examine title which he is presumed to know, since there is no warranty, and even where no fraud or misrepresentation obtains, if loss ensues, a purchaser must bear it. It is a judicial sale." (*Smith v. Wildman*, 178 Pa. St. 245, 56 Am. St. Rep. 760, 35 Atl. 1047, 36 L. R. A. 834; *Lindsay v. Cooper*, 94 Ala. 170, 33 Am. St. Rep. 105, 11 South. 325, 16 L. R. A. 813; *Halleck v. Guy*, 9 Cal. 181, 70 Am. Dec. 643; *Roberts v. Hughes*, 81 Ill. 130, 25 Am. Rep. 270.) So long as the probate remains unrevoked, no mortgage lien claim exists or could be invoked predicated upon the same subject matter. (*Ryno v. Ryno*, 27 N. J. Eq. 522.) "Where subject matter, cause of action and parties are the same in a former suit, the judgment therein constitutes a bar to the second suit—*res judicata*." (*Lyon v. Perrin etc. Mfg. Co.*, 125 U. S. 698, 8 Sup. Ct. Rep. 1024, 31 L. ed. 841; *Durant v. Essex Co.*, 7 Wall. 107, 19 L. ed. 154; *Cromwell v. Sac County*, 94 U. S. 351, 24 L. ed. 195; *Wilson v. Deen*, 121 U. S. 525, 7 Sup. Ct. Rep. 1004, 30 L. ed. 980; *Bank of United States v. Beverly*, 1 How. (U. S.) 134, 11 L. ed. 75.) The application for probate and the judgment of the court upon it are binding upon all the world until revoked or set aside. (*Steele v. Renn*, 50 Tex. 467, 32 Am. Rep. 605; *Scott v. Calvit*, 3 How. (Miss.) 148; *Taylor v. Tibbatts*, 13 B. Mon. (Ky.) 177; *Wells' Will*, 5 Litt. (Ky.) 273; *Ray v. Doughty*, 4 Blackf. 115; *Holliday v. Ward*, 19 Pa. St. 485, 57 Am. Dec. 671.) "A transfer of property to a creditor will be held fraudulent and void, unless it is shown that the consideration is a valid and subsisting debt, and that the property does not exceed the value of the debt, and that the property is taken in discharge thereof." (*Caball v. Hamilton Brown Shoe Co.*, 81 Tex. 104, 16 S. W. 811; *Briggs v. Mitchell*, 60 Barb. 288; *Frank v. King*, 121 Ill. 251, 12 N. E. 720; *Christie v. Bridgman*, 51 N. J. Eq. 331, 25 Atl. 939, 30 Atl. 429; *Kaye v. Crawford*, 22 Wis. 320; *Sutton v. Hasey*, 58 Wis. 556, 17 N. W.

416; *Le Saunier v. Krueger,* 85 Wis. 214, 54 N. W. 774; note in 36 L. R. A. 340.) It is the duty of the executor or administrator to sell for the best price he can obtain; and it is held that if a sale has been for an inadequate price, it was not fairly made, and that for this reason the court may set it aside. (*Hirshfield v. David,* 43 Tex. 155; *Shaw v. Spencer,* 100 Mass. 393, 97 Am. Dec. 107, 1 Am. Rep. 115; *Allender v. Riston,* 2 Gill & J. (Md.) 86; *Pierce v. Holzer,* 65 Mich. 263, 32 N. W. 431; *Smith v. Ayer,* 101 U. S. 320, 25 L. ed. 955; *Dodson v. Simpson,* 2 Rand. (Va.) 294.) A demurrer will not lie if the parties have a common interest centering in the point of issue (void acts and fraud) in the cause. (Bliss on Code Pleadings, pp. 151, 177, secs. 96, 110; 1 Estee's Pleading, p. 129, sec. 164.) Everyone connected with a fraudulent transaction may be made a party defendant. (*Snodgrass v. Andrews,* 30 Miss. 472, 64 Am. Dec. 169; *Butler v. Spann,* 27 Miss. 234; *Fellows v. Fellows,* 8 N. Y. Com. L. (L. ed.) 534.)

I. N. Smith and Charles L. McDonald, for Respondent.

In this case the court dismissed the case for want of jurisdiction. This point is never waived. (Idaho Rev. Stats., sec. 4178.) The district court here had no jurisdiction of this matter, and hence no error was committed in dismissing the case. (*Clark v. Rossier,* 10 Idaho, 348, 78 Pac. 358; Idaho Rev. Stats., 3842; *Glendenning v. McNutt,* 1 Idaho, 592.) The complaint in this case was totally devoid of equity or allegations of fraud or any statement of facts which would in any manner justify any court in taking up time with the hearing of such an insufficient and frivolous case. (See Freeman on Void Judicial Sales, sec. 20.)

STOCKSLAGER, C. J.—This case is before us on appeal from the district court of Nez Perce county. Plaintiff filed her complaint to which an answer was filed by some of the defendants. Afterward plaintiff had permission to amend her complaint, which was done, and thereafter demurrers were filed by all of the defendants. The only one appearing

in the record being that of defendant, Elizabeth White, which is as follows: "1. That the said complaint shows upon its face that there is a misjoinder of the parties defendant, in this, that Charles L. McDonald is improperly united as a party defendant in said cause; 2. That there is a misjoinder as to parties defendant herein in this, that Charles G. Kress is improperly joined in the above cause as a party defendant; 3. That there is a misjoinder as to parties affixed herein in this, that Charles G. Kress, as administrator, with the will annexed, of the estate of John M. Silcott, deceased, is improperly joined as a party defendant; 4. That the said complaint does not state facts sufficient to constitute a cause of action against this defendant; 5. That said complaint does not state facts sufficient to constitute a cause of action." The demurrers of the defendants who were regularly served were argued and submitted to the court, and on the twenty-seventh day of July, 1905, the court made and caused to be entered of record an order sustaining the demurrers and judgment ordered and entered in favor of defendants for costs. From this judgment an appeal is taken.

A motion was submitted to this court to dismiss this appeal for the following reasons: "That the notice of appeal notifies that there will be more than one appeal taken and that the bond on appeal is conditioned for the payment of a single $300 under the statutory penalties and obligations, and that said bond is uncertain and ambiguous in that it does not state from or to which appeal it is conditioned." The notice follows: "Please take notice that the above-named plaintiff appeals to the supreme court of the state of Idaho, from that certain decision and order sustaining defendant's demurrers to plaintiff's amended complaint and from the judgment of dismissal of the said district court and the whole thereof, entered herein on the twenty-seventh day of July, 1905, in favor of said defendants and against said plaintiff."

The court has repeatedly held that where the notice provided for two appeals, such as an appeal from the judgment and an order overruling a motion for a new trial, or any other appealable order, and but one bond was given in the statutory

form and amount without particularly specifying whether the appeal was from the judgment or order, that a motion to dismiss the appeal would be sustained. In this case, however, there was but one appeal to be taken, and that was from the judgment on the order sustaining the demurrers to the complaint; and whilst the notice says the appeal will be from the order and the judgment, and the whole thereof, that part with reference to the order will be treated as surplusage only, and does not affect the bond on appeal from the judgment. The motion is denied.

Counsel for appellant urges that the court on its own motion "arrogated to itself the statutory privilege of holding against plaintiff on the grounds of want of jurisdiction, which seldom is and never should be invoked upon the court's own motion, unless unquestioned and conclusive." We cannot give our assent to this contention. If the court is satisfied from former decisions of this court or from any well-founded reason that it is without jurisdiction to hear and decide the questions presented by the pleadings, it becomes the duty of the court to refuse to try the case, and thus possibly save large expense to all parties to the litigation. This rule has its foundation in equity, and it is upon the assumption that it is better to have the issues settled by the appellate court before the expense of a trial, than to take the entire case up after trial, and after large expenditures have been incurred. With this view of the case as it is presented to us, the only question we will examine and determine is, whether the court had jurisdiction to try the issues as presented by the pleading—that is, the complaint and demurrers, and whether the demurrers were properly sustained. If the court was without jurisdiction, then it was not only its right but duty to so declare and refuse to try the case. It will be observed, however, that the court did not arbitrarily refuse to entertain jurisdiction. It is shown by the order sustaining the demurrers, to wit, "The court having heard the arguments pro and con thereon, and having asked for arguments on the point of jurisdiction of this court to hear and determine this case, and the said point having been argued and

the court having been fully advised in the premises; it is now considered and ordered that the said demurrers and each thereof, be sustained, as the court has no jurisdiction of the above-entitled cause.'' We are not advised of the contents of the demurrer of defendant McDonald or defendant Charles D. Kress, or any of the other defendants to the action, and do not know whether the question of jurisdiction was raised in either of them or not. Want of jurisdiction is one of the grounds of demurrer provided for by our statute, and it seems the court requested an argument on this particular question. If we are to follow *Clark v. Rossier,* 10 Idaho, 348, 78 Pac. 358, then the demurrer that the ''complaint did not state facts sufficient to constitute a cause of action,'' was good and should have been sustained, and if the court erroneously founded his ruling on an improper foundation it would not benefit the plaintiff. We do not wish to be understood as intimating that the court did improperly decide the question of demurrer, as the record is not sufficient to give us this information. We can see no reason why the rule announced in *Clark v. Rossier, supra,* should not be followed in this case. It may be true as insisted by learned counsel for appellant, that a gross injustice has been done his client, but the statute provides a remedy for all errors of the probate and justices' courts by appeal to the district court. It may also be said that errors and mistakes in the probate court may be corrected by proper proceedings in that court, and if not corrected there, an appeal may be taken to the district court and from there to this court. Equity will not lend its aid where no effort is shown to have been made in the court of original jurisdiction, and the fact that a party has permitted the statutory time to run against an appeal is not sufficient to authorize a court of equity to assume jurisdiction. It may also be said that where there is an attempt to charge fraud, the particular act and thing constituting such fraud must be pointed out. It is not sufficient to allege that the plaintiff was absent at each and all of said sales and at the presentation and allowance of each of said accounts, and that she had

no knowledge of the manner in which said estate was being administered until recent date, the latter part of December, 1904, and had therefore relied fully upon her said attorney to protect her interest in said estate. There is no fraud alleged here. Another allegation is: "That the order of sale of the above-described property was obtained by said defendants from said probate court by wrongfully, falsely and unlawfully representing that said Elizabeth White was the executrix of said estate of David M. White, deceased, and that the estate of said John M. Silcott, deceased, was indebted to said estate, etc." Certainly no fraud alleged here. Again: "This plaintiff alleges that said claim was presented by said defendants, Elizabeth White and Charles L. McDonald, without authority to receive payment thereof, without authority to receipt for the same, and that the said Elizabeth White and Charles L. McDonald well knew that the said Elizabeth White was not the executrix of said estate or authorized to present said claim or to receive the payment thereof, and knew that there was no legal representative of said estate or any person authorized to present said claim or to receive the payment thereof." We find no fraud pointed out in any of these allegations, nor do we find anywhere in the complaint an allegation that comes within the rule for alleging fraud. If any of the wrongs complained of by plaintiff were committed by any of the defendants, she doubtless has a remedy other than the one sought to be enforced in this action. The judgment is affirmed, with costs to respondent.

Ailshie, J., and Sullivan, J., concur.