(May 28, 1908.)

L. D. KEMMERER and WILLIAM MILES, Appellants, v. SOPHRONIA A. POLLARD and FRANCIS M. POLLARD, Respondents.

[96 Pac. 206.]

SALE OF PERSONAL PROPERTY—ACTION FOR DECEIT AND FRAUDULENT REPRESENTATIONS MADE BY VENDOR—SUFFICIENCY OF COMPLAINT— SUFFICIENCY OF EVIDENCE.

1. In an action by the vendee of personal property for deceit and false and fraudulent representations made by the vendor, upon the sale of such property, the complaining party must allege the particulars in which the representations and warranty were false and the extent and nature of the falsity and deception, so that the court may determine therefrom whether it was of a material and essential fact or immaterial and a matter of opinion and belief. It must also be alleged that the representation was false and fraudulent and that the purchaser believed and relied on the same and purchased on the strength of such false and fraudulent representation.

2. Where a purchaser of personal property retains the property and does not offer to rescind the contract and return the property, his action for damages on account of deceit and false and fraudulent representations made by the vendor is a ratification of the sale, and the action becomes one in tort for the fraudulent and wrongful misrepresentations and breach of the warranty.

3. Cross-complaint in this case held insufficient to charge deceit and false and fraudulent representations.

4. Evidence in this case examined, and held insufficient to support a verdict on the charge of false and fraudulent representations.

(Syllabus by the court.)

APPEAL from the District Court of the Sixth Judicial District, for the County of Lemhi. Hon. J. M. Stevens, Judge.

Action by the plaintiffs to recover on a promissory note given as part payment for the purchase of a vehicle. Answer and cross-complaint by the defendants admitting the sale and the execution and delivery of the note and attempting to charge deceit and false and fraudulent representations made by the vendor upon the sale of the property. Judgment for the defendants and plaintiffs appeal. *Reversed.*

John H. Padgham, for Appellants.

Where fraud is relied upon, a general allegation charging fraudulent intent will not suffice; all the facts which the law requires as the elements of fraud and all which are claimed to be the constituents of the fraud in the particular case must be averred; and their absence may destroy the intended effect of the pleading and shut out all evidence in its support. (Pomeroy's Code Remedies, 4th ed, p. 789; *Brackett v. Griswold,* 112 N. Y. 467, 20 N. E. 376; *Rothmiller v. Stein,* 143 N. Y. 581, 38 N. E. 718, 26 L. R. A. 148.)

The law raises no presumption of knowledge of falsity from the single fact *per se* that the representation was false. There must be something further to establish knowledge. (*Southern Development Co. v. Silva,* 125 U. S. 247, 8 Sup. Ct. 881, 31 L. ed. 678.) In an action of deceit, or action founded upon false representations, it is requisite, to entitle to a recovery, not only to prove that the representations complained of were false, but that they were known by the vendor to be false. (*Pearson v. Howe,* 1 Allen, 208; *Page v. Bent,* 2 Met. 374; *Webster v. Larned,* 6 Met. 527.) An allegation that "each and every of the said representations were false," but failing to disclose in what respect the representations were false, is not sufficient. (*Specht v. Allen,* 12 Or. 117, 6 Pac. 494.) There is no allegation that appellants or their salesman knew the representations made to be false. (*Holmes v. Clark,* 10 Iowa, 424; *Pearson v. Howe,* 1 Allen, 208; *Page v. Bent,* 2 Met. 374; *Webster v. Larned,* 6 Met. 527; *Brown v. Bledsoe,* 1 Ida. 747.)

Under the law governing cases of deceit, it is incumbent on respondents to allege wherein the vehicle was defective.

Without this they are not entitled to introduce proof. Failing to disclose in what respect the representations are false, the pleading is not sufficient. (*Specht v. Allen, supra; Mc-Cracken v. Robinson,* 57 Fed. 375, 6 C. C. A. 400.)

G. B. Quarles and F. J. Cowen, for Respondents, cite no authorities on points decided.

AILSHIE, C. J.—This is an appeal from the judgment and was taken within sixty days after the rendition and entry thereof. The record contains a statement of the evidence in the case. The action was commenced by the plaintiffs to recover the principal, interest and $25 attorney's fee on a conditional sale note, of which the following is a copy:

"$62.50                                    August 15, 1902.

"On or before the first day of December, 1904, for value received I promise to pay to Kemmerer Vehicle Co., or order, at their office in Grinnell, Iowa, sixty-two 50-100 dollars with exchange and collection charges, with interest from date until due at the rate of 6 per cent per annum, and at the rate of ten per cent after due and reasonable attorney's fees if suit is commenced on this note.

"I own in my own name 320 acres of land in section ——— Town of ——— County of Lemhi State of Idaho which at a fair valuation is worth $5000.00 on which there are no incumbrances except ——————— for $———. I also own $500.00 worth of personal property over and above all exemptions and debts. There is no judgment against me. I make this statement at time of signing this note for the purpose of obtaining credit and it is understood that the ownership of this vehicle shall not pass from Kemmerer Vehicle Co., until fully paid for. No salesman has authority to make any agreement not upon the face of this note when made.

"Due Dec. 1st, 1904.

"Witness: W. H. CROOKS.

"K. V. Co's No. 1150.

"(Signed)     Mrs. S. A. POLLARD.
              "F. M. POLLARD."

The defendants answered, admitting the purchase of the vehicle and the execution of this note and contract, and that the same had not been paid. Defendants set up by way of separate answer and also as a cross-complaint:

"That prior to and at the time of said sale by plaintiffs and purchase by these defendants, plaintiffs exhibited to defendants parts of some vehicle, being wood and iron or steel, and at the same time and place represented the same to have been a part of one of the vehicles which had been in a runaway; that said wood had been splintered but would not break; that said steel had been bent and twisted but would not break; that plaintiffs represented to these defendants that this was the class of wood and quality of steel or iron in the vehicle offered to the defendants for sale; that plaintiffs represented to these defendants that the top on said vehicle was made of leather all of which representations these defendants believed to be true."

The answer continues by alleging that the vehicle was made of cheap material and that it proved to be a valueless piece of property, and had to be repaired and improved a great deal and that defendants had paid the sum of $102 on the contract, and that they had been damaged in that sum "by reason of the false and fraudulent representations of the plaintiffs so made," and prayed for a judgment in that sum for damages. The plaintiffs demurred to this separate defense and cross-complaint, but the trial court overruled the demurrer and the plaintiffs thereupon answered the cross-complaint and went to trial. The trial resulted in a verdict and judgment in favor of the defendants.

In the first place, the action of the court in overruling the plaintiff's demurrer to the separate answer and cross-complaint was error. The defendant's cross-complaint which attempts to plead deception and false representations made by the plaintiffs' agent on the sale of this vehicle and praying damages for breach of the warranty, is not sufficient to constitute false and fraudulent misrepresentation or to entitle the defendants to recover on a breach of warranty of the goods. The defendants never offered to rescind the contract

and return the property. On the contrary, they kept and used the property and had been using it some three and one-half years at the time this cross-complaint was filed. They set up this separate answer and cross-complaint, praying for damages for deceit and breach of the warranty of the goods, thus ratifying the contract (*Krause v. Busacker,* 105 Wis. 354, 81 N. W. 406), and suing for breach or tort. The law is well settled that where a party seeks to recover on the grounds of deceit and false and fraudulent representations, that he must plead the particular representations that were made and that they were false and fraudulent and material, and that the party injured believed and relied on such statements and acted upon the belief, and with the understanding that such false and fraudulent representations were in fact true. He must also show the specific instances in which they were untrue and in what the untruth or deception consisted. It is particularly important that a party plead the particular and specific instance in which the deception and falsehood and fraud existed and to what extent, for the reason that the adverse party is entitled to be informed, so that he may invoke the ruling of the court as to whether or not such representation was material or was matter of mere opinion or belief, or was made and given as essential matter of fact. It must also appear as to whether or not the party, in fact, relied and acted upon the false and fraudulent representation. The fact that the vendor of property lies to the purchaser about the class or quality or character of a piece of property cannot furnish the basis of an action for deceit, unless the vendee purchased relying upon such representation and not knowing or having equal means of knowing of its falsity. In other words, if he would have bought the property regardless of such representations, then he cannot be damaged, injured or prejudiced by the deceit. Neither the separate answer nor the cross-complaint in this case is up to the standard of a good pleading in such cases as recognized by the current of authority. (*Brown v. Bledsoe,* 1 Ida. 747; *Watson v. Molden,* 10 Ida. 571, 79 Pac. 503; *Specht v. Allen,* 12 Or. 117, 6 Pac. 494; *Kountze v. Kennedy,* 147 N. Y. 124, 49 Am. St.

Rep. 651, 41 N. E. 414, 29 L. R. A. 360; *Southern Development Co. v. Silva,* 125 U. S. 247, 8 Sup. Ct. 881, 31 L. ed. 678; *Rothmiller v. Stein,* 143 N. Y. 581, 38 N. E. 718, 26 L. R. A. 148; 20 Cyc. 95-100; 1 Winslow's Forms, p. 463.)

Passing now to the question of the sufficiency of the evidence in this case to support the verdict and judgment, we find that the testimony of the defendant Francis M. Pollard is in itself sufficient to defeat the defendant's right of recovery, and on it the court would have been entirely justified in directing the verdict in favor of plaintiffs. The only evidence we have been able to find in the record as to any misrepresentation or fraud, is that given by the defendant Pollard himself. The Kemmerer Vehicle Company, it seems, had its office in Magnolia, Arkansas, and had an agent, Mr. Crooks, in Salmon City, Lemhi County. The defendant says:

"The vehicle was a two-seated spring wagon purchased from the Kemmerer Vehicle Company. I saw the vehicle here in town before I purchased it. Mr. Crooks brought the wagon to our home. I talked with him in regard to buying. L. D. Kemmerer was not present in Salmon, neither was Miles at the time I bought the vehicle. I never saw them. I talked to no one but Mr. Crooks in regard to the purchase of this vehicle. He had in his possession parts of a vehicle which had been in a runaway. He told me those parts came out of one of their vehicles. The parts of the vehicle that had been in the runaway were a tongue which had been broken, but instead of coming in two, it just naturally slivered into a thousand pieces, and the iron was all twisted; there was a hub which had been cut in two, showing the spokes driven through and good workmanship. The material in the vehicle I bought was poor, nothing like what he represented." The witness here proceeded to tell of the various and sundry breakdowns he had with the vehicle and the way the iron broke, and the top came to pieces, and of his having to take it to the blacksmith-shop repeatedly, and again says:

"Crooks told us that if we would take good care of it it would last 20 years."

The foregoing is all we can find in the record concerning any warranty, deceit or misrepresentations made by the plaintiffs' salesman. On the other hand, the conditional sale note signed by the defendants contained the following express provision:

"No salesman is authorized to make any agreement not upon the face of this note when made."

The note itself contained no warranty. The purchaser saw and examined the property before purchasing. At the time of the purchase they paid a part of the purchase price and gave three notes for the balance. They paid the first two notes as they came due, but never made any complaint about this vehicle or the representations that had been made to them concerning it until they were called upon to pay the third and last note. This was something like three and one-half years after they had purchased the vehicle. It takes more evidence than is contained in this record to establish fraud, deception or false representations made upon a sale of personal property. (*Brown v. Bledsoe,* 1 Ida. 746; *Watson v. Molden,* 10 Ida. 571, 79 Pac. 503; *Williams v. McFadden,* 23 Fla. 143, 11 Am. St. Rep. 345, 1 South. 618; *Southern Development Co. v. Silva,* 125 U. S. 247, 8 Sup. Ct. 881, 31 L. ed. 678.) The evidence on the part of the defendants is not sufficient to constitute any defense, and upon no theory of the case would they have been entitled to recover.

The judgment of the lower court must be reversed, and it is so ordered, and the cause is remanded, with direction to the trial court to sustain the demurrer to the cross-complaint, and a new trial is granted. Costs awarded in favor of appellants.

Sullivan, J., and Stewart, J., concur.