TRURO ET AL., APPELLANTS, *v.* PASSMORE ET AL., RESPONDENTS.

(No. 2,632.)

(Submitted March 13, 1909. Decided April 3, 1909.)

[100 Pac. 966.]

*Pleadings — Common-law Counts — Inapplicable Under Code Practice.*

1. Plaintiff, under a common-law count for money had and received, sought to show fraud on the part of defendants. The court held the testimony inadmissible, for the reason that the facts relied upon to show fraud were not set forth in the complaint. *Held*, that, since under section 6532, Revised Codes, the complaint must contain a statement of the facts constituting the cause of action, in ordinary and concise language, and the common law has no application where the law is declared by the code (section 8060), the ruling of the court was correct.

*Appeal from District Court, Silver Bow County; Geo. M. Bourquin, Judge.*

ACTION by Leo Truro and another against Charles Passmore and another. Judgment for defendants. Plaintiffs appeal from it and an order denying them a new trial. Affirmed.

*Messrs. Denny & Davies,* for Appellants.

Under the common count for money had and received, both at common law and under the Codes, fraud may be proven to recover money paid under a written contract. (*Moses* v. *Macferlan,* 2 Burr. 1005; *Smith* v. *Lamb,* 26 Ill. 397, 79 Am. Dec. 381; *Johnson* v. *Continental Ins. Co. of N. Y. City,* 39 Mich. 33; *Bliss* v. *Thompson,* 4 Mass. 488; *Jasper Trust Co.* v. *Kansas City etc. Co.,* 99 Ala. 416, 42 Am. St. Rep. 75, 14 South. 546; *Southern Express Co.* v. *Bank of Tupelo,* 108 Ala. 517, 18 South. 664; *Sullivan* v. *Traders' Ins. Co. of Chicago,* 169 N. Y. 213, 62 N. E. 146; *Wagner* v. *Wedell,* 3 Cal. App. 274, 85 Pac. 126; *Reilly* v. *Provost,* 98 App. Div. 208, 90 N. Y. Supp. 591; *Smith* v. *Salomon,* 7 Daly, 216; *Cory* v. *Board etc.,* 47 N. J. L. 181; *Grannis* v. *Hooker,* 29 Wis. 65; *McQueen* v. *State Bank of Indiana,* 2 Ind. 413; *Lyon* v. *Annable,* 4 Conn. 350; *Lewis* v. *Kremer,* 3 Md. 265.)

*Messrs. McBride & McBride,* and *Mr. C. M. Parr,* for Respondents.

MR. JUSTICE SMITH delivered the opinion of the court.

The complaint in this action alleges that on the twenty-fourth day of April, 1907, the defendants received the sum of $3,000 from the plaintiffs "to and for the use of the plaintiffs," which sum, after demand, the defendants have refused to repay. The answer is a general denial. At the trial the plaintiffs introduced in evidence a written contract between the parties, which recites that on the twenty-fourth day of April, 1907, defendants agreed to sell to plaintiffs a one-third interest in a certain option agreement with third persons, which on the day before, April 23, had been extended to December 1, 1907, and also a one-third interest in the Susie quartz lode mining claim, for a

consideration of $2,000 in cash, and an additional $1,000, which was to be applied, by the Passmores, on the purchase price of the mining claims covered by the option. Plaintiffs proved the payment of the $3,000 to the defendants under the terms of the contract, and also offered evidence tending to prove that the option had expired when their contract was made, and that the renewal thereof was procured by the Passmores after the $3,000 had been paid, by paying $1,000 thereof to the owners of the property covered by the option, in consideration of which payment the option was extended to December 1, and the purchase price reduced from $14,000 to $13,000. The written agreement also provides as follows: "Now it is understood and agreed by the parties hereto that they will proceed as soon as practical to organize a stock company for the purchase of the mining property referred to in this agreement, and to use their best efforts to put a sufficient amount of the capital stock of such company on the market to raise sufficient capital out of the proceeds of the sale of said stock to pay for said property, to meet the expenses of the sale of stock and to pay the expenses of putting said property to patent," and to repay the Truros the $1,000, "which they shall have paid on said purchase price," etc. Plaintiffs offered to show that the whole contract was void, as having been conceived and entered into in fraud, by the defendants, without any intention of carrying out its terms, and with the sole object of inducing the plaintiffs to part with their money. The court held the testimony to be inadmissible under the pleadings, for the reason that the facts relied upon to show fraud were not set forth in the complaint. No corporation was ever formed, and the option agreement expired on December 1 by lapse of time, without having been taken up by the parties to this action. Mrs. Truro testified that she had never been tendered a deed for the one-third interest in the Susie claim; but one of the defendants testified that a deed to this interest was executed on September 2, 1907, and tendered to Mrs. Truro in November following. Defendants moved for a peremptory instruction to the jury to find in their favor, for the reason, among others (we state our understanding of the

motion), that the plaintiffs cannot recover in this action as for money had and received. The court granted the motion, and from a judgment on the verdict rendered pursuant to the court's instruction, and an order denying a new trial, the plaintiffs have appealed. Numerous assignments of error are found in appellants' brief, but the decisive question involved is one of pleading. If the ruling of the court was correct, it must be sustained regardless of the reason assigned therefor.

The first condition is that the court erred in excluding evidence of fraud on the part of the defendants. This assignment raises the main question in the case. Many cases are cited to the effect that fraud may be shown under a count for money had and received, without further allegations. The great majority of the cases are from common-law jurisdictions, and would, perhaps, be in point if that system of pleading obtained in this state. Some of the cases cited, however, seem to be squarely applicable to this case. The supreme court of Wisconsin, in *Grannis* v. *Hooker*, 29 Wis. 65, held that a complaint containing what, under the former system of pleading, would be called a count for money had and received stated a good cause of action under the Code system of pleading, and that in support of such complaint the plaintiff was entitled to introduce evidence that the defendant procured the money sued for by means of fraud in an oil land transaction. It was there said: "It is claimed by the defendant that all the facts with reference to the alleged fraud should have been distinctly stated in the complaint, otherwise the plaintiff is not entitled to prove them. On the other hand, it is claimed that all it is necessary the complaint should contain is substantially an allegation that the defendant has received a certain amount of money to the use of the plaintiff, as in the old form of a declaration in *indebitatus assumpsit*. We are inclined to sanction this latter view, and to hold that the facts which, in the judgment of the law, create the indebtedness or liability need not be set forth in the complaint."

Another case cited by appellants is *Cory* v. *Board etc.*, 47 N. J. L. 181. In that case it appeared that the defendant, **a**

member of the board of chosen freeholders, made out bills to himself against the county, ostensibly for money paid by him for work on bridges, not showing when, or by whom, or on what bridges, or under whose authority the work had been done. These bills were certified by the defendant as one of the committee of the freeholders, and were paid. The court said: "The first question raised by the assignment of errors in this cause is whether money fraudulently obtained by the defendant below from the plaintiff can be recovered on the common count for money had and received, which does not set out the particulars of the fraud. This may be answered by extracts from the opinion of the king's bench, delivered by Lord Mansfield in *Moses* v. *Macferlan,* 2 Burr. 1005: 'If the defendant be under an obligation, from the ties of natural justice, to refund, the law implies a debt, and gives this action [on the case, for money had and received to the plaintiff's use], founded in the equity of the plaintiff's case, as it were, upon a contract.   *   *   *   One great benefit which arises to suitors from the nature of this action is that the plaintiff need not state the special circumstances from which he concludes "that *ex æquo et bono,* the money received by the defendant ought to be deemed as belonging to him." He may declare generally "that the money was received to his use," and make out his case at the trial.   *   *   *   This kind of equitable action, to recover back money which ought not in justice to be kept, is very beneficial, and therefore much encouraged.   *   *   *   It lies for money paid by mistake, or upon a consideration which happens to fail, or for money got through imposition (express or implied), or extortion, or oppression, or an undue advantage taken of the plaintiff's situation, contrary to laws made for the protection of persons under those circumstances.   *   *   *   In one word, the gist of this kind of action is that the defendant, upon the circumstances of the case, is obliged, by the ties of natural justice and equity, to refund the money.' The plaintiff's declaration is properly framed to sustain its claim."

The New Jersey case is authority for the contention that proof of fraud may be introduced to sustain an action for

money had and received, under the common-law system of pleading, but it goes no further than that. The Wisconsin case is, however, authority for the additional proposition that a common-law count for money had and received is a good pleading, as such, in a Code state; for at the time the decision was rendered, the statute of Wisconsin, directing what a complaint must contain, was substantially the same as our section 6532, Revised Codes. But we cannot coincide in the views of the Wisconsin court. A complaint, fashioned after a common-law count, may or may not state facts sufficient to constitute a cause of action under the Code. It would be unprofitable to examine all of the common-law counts, and determine which, if any of them, would or might be sustained as a sufficient statement of facts to constitute a cause of action under our system, and we do not therefore decide that any of them may be sustained; neither do we at this moment think of any which, in our judgment, could be sustained. Suffice it to say that there is in this state no action for money had and received, as such; and there is no common law in any case where the law is declared by the Code. (Revised Codes, sec. 8060.) The common counts have been superseded by our system of Code pleading. A complaint, under this latter system, must contain a statement of the facts constituting the cause of action in ordinary and concise language. (Revised Codes, sec. 6532, *supra.*) If the phraseology of any common count is adequate in the particular case to bring the pleader within the Code rule, then his pleading is sufficient; otherwise it is not. Where a pleader elects to employ the language of a common count, he subjects himself to the rules governing the construction and sufficiency of complaints under the Codes; that is to say, if a common count will in fact state his cause of action in ordinary and concise language, it is good. If it will not, it is bad. We think the Wisconsin court was in error when it decided that the facts which, in the judgment of the law, create the indebtedness or liability need not be set forth in the complaint. Our opinion is that those are the very facts which must be set forth.

Let us now consider the California cases on the subject. In *Freeborn* v. *Glazer*, 10 Cal. 337, it was held that a count, "in the ordinary form of counts in *indebitatus assumpsit* for goods sold and delivered and money paid and expended," contained a sufficient statement of facts to constitute a cause of action. This ruling was followed in *De Witt* v. *Porter*, 13 Cal. 172, and *Wilkins* v. *Stidger*, 22 Cal. 232, 83 Am. Dec. 64. In the case of *Abadie* v. *Carrillo*, 32 Cal. 172, the previous rulings of the court were adhered to, but Mr. Justice Sanderson, with the concurrence of Mr. Justice Rhodes, said: "If the question presented by the record in this case was new, I should be inclined to hold the complaint bad, upon the ground that it does not state facts sufficient to constitute a cause of action. Notwithstanding the many decisions to the contrary, I have never been able to regard the common counts as consistent with our Code of Practice, which was intended to provide a uniform mode of pleading in all cases. The fundamental rule in our system of pleading requires a statement of the facts constituting the cause of action or defense in ordinary and concise language, so that the precise matters intended may appear upon the face of the pleading, and the opposite party need not be put upon his outside knowledge for the purpose of ascertaining what is meant. I do not think the common counts satisfy this rule, and must regard their retention as impairing the symmetry of our system; but a contrary view was adopted at the outset, and has been uniformly adhered to since." The former decisions of the court were also followed in *Minor* v. *Baldridge*, 123 Cal. 187, 55 Pac. 783, and *Wagner* v. *Wedell*, 3 Cal. App. 274, 85 Pac. 126. In the *Minor Case* Mr. Justice Temple, writing the opinion of the court, said: "The mode of pleading is inconsistent with our Code, and it may be a matter of regret that it was ever tolerated."

Mr. Phillips, in his work on Code Pleading (section 182), says: "Facts stated to show the capacity of the parties, when such qualifying facts are called for, and jurisdictional facts, when these are necessary, constitute no part of the cause of action. In addition to, and independently of, such facts, the

complaint must contain a statement of facts constituting a cause of action. The provision of the Codes as to this part of the complaint is that it shall contain 'a statement of the facts constituting a cause of action, in ordinary and concise language.' This limits the statement (1) to facts; and (2) to such facts as constitute the right of the plaintiff and the delict of the defendant. It excludes (1) facts that are only probative; (2) statements of the law; and (3) inferences and arguments. A right of action * * * is a remedial right, arising out of a primary right in the plaintiff, a corresponding duty of the defendant, and a breach of this duty. This primary right and duty, and the defendant's violation thereof, are to be displayed in the complaint; and this is to be done by stating (1) such constitutive facts as, under the substantive law, operate to create such right and duty; and (2) such culpatory facts as show an invasion of the right and a breach of the duty. Such statement shows a right of action in the plaintiff, against the defendant, and authorizes the interposition of the court; and hence constitutes, and is, a cause of action.''

In our judgment the Code provision (section 6532, Revised Codes, *supra*) was designed to eliminate from pleadings those features which excited the admiration of Lord Mansfield, as expressed in the *Moses Case,* and to substitute therefor a new system, to comply with the express mandate of which the plaintiff must state the facts upon which he relies for a recovery in such a way as that the defendant may know exactly what he has to meet. We have no hesitancy in saying that the complaint in this case does not state facts sufficient to constitute the cause of action claimed and sought to be proven by the plaintiffs at the trial. If there are any Montana cases militating against the views herein expressed, they have not been called to our attention, and an examination of Buck's, Bishop's, and Mape's Digests has not discovered them. At any rate, as the question is one of practice, it should be correctly settled. We do not mean to say that the plaintiffs have no cause of action against

the defendants, but only that the cause of action which they claim to have is not set forth in their complaint.

The judgment and order are therefore affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.