(June 22, 1918.)

## MARY A. MOSER, Respondent, v. PUGH-JENKINS FURNITURE COMPANY, a Corporation, Appellant.

[173 Pac. 639.]

FRAUD—PLEADING—COMMON COUNT—SUFFICIENCY OF.

    1. A common-law count for money had and received, without alleging the facts creating the indebtedness, is insufficient to state a cause of action for fraud, under Revised Codes, sec. 4168, requiring a complaint to state the facts constituting the cause of action in ordinary and concise language.

    [As to how far common counts in *assumpsit* are allowable under the code system of pleading, see note in 57 Am. Dec. 544.]

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Chas. P. McCarthy, Judge.

Action for money had and received. Judgment for plaintiff reversed; *new trial granted.*

Chas. M. Kahn, for Appellant.

"In an action where one is entitled to relief at law or relief in equity, his complaint must contain a statement of the facts constituting the cause of action in ordinary and concise language." (*Bates v. Capital State Bank*, 21 Ida. 141, 148, 121 Pac. 561.)

"The complaint of money had and received, unless on an account, must usually be special, setting forth the relation of the parties and the contract or wrong by means of which the money was received." (Abbott's Trial Evidence, p. 335; Pomeroy's Remedies and Remedial Rights, 2d ed., sec. 554, p. 611; Pomeroy's Code Remedies, sec. 544, p. 372; *St. Louis Sanitary Co. v. Reed*, 179 Mo. App. 164, 161 S. W. 315.)

"Fraud is never presumed, and in order to entitle a party to relief either at law or in equity on that ground, it is essential that the fraud be distinctly alleged in the pleadings, so that it may be put in issue and evidence thereof given."

(9 Am. & Eng. E'ncy. of Pleading and Practice, 684, 685; Sutherland's Code Pleadings and Practice, secs. 6878, 6890; Bates' Code Pleading and Practice, p. 1453; Estee's Pleadings, sec. 2748; 10 Standard Ency. of Proc., p. 49; *Southall v. Farish,* 85 Va. 403, 7 S. E. 534, 1 L. R. A. 641; *Strong v. Whybark,* 204 Mo. 341, 120 Am. St. 710, 102 S. W. 968, 12 L. R. A., N. S., 240; *Chase v. Rusk,* 90 Mo. App. 25; *Wolford v. Powers,* 85 Ind. 294, 44 Am. Rep. 16; *McClinton v. Chapin,* 54 Fla. 510, 14 Ann. Cas. 365, 45 So. 35; *Patton v. Taylor,* 48 U. S. 132, 12 L. ed. 637–650; *Noonan v. Braley (Lee),* 67 U. S. 499, 17 L. ed. 278, 281; *Wetherly v. Straus,* 93 Cal. 283, 28 Pac. 1045; *Hammond v. McCollough,* 159 Cal. 639, 115 Pac. 216; *In re Yoell's Estate,* 164 Cal. 540, 129 Pac. 999; *Brown v. Bledsoe,* 1 Ida. 746; *Abrams v. White,* 11 Ida. 497, 83 Pac. 602; *Kemmerer v. Pollard,* 15 Ida. 34, 96 Pac. 206; *Wilson v. Baker Clothing Co.,* 25 Ida. 378–388, 137 Pac. 896, 50 L. R. A., N. S., 239.)

S. L. Tipton and D. A. Dunning, for Respondent.

The action is one in *assumpsit* for money had and received, and the pleading on the part of the plaintiff is in the common-law form for money had and received. This is the proper action to recover money obtained under a contract induced by fraud, or where there has been a rescission of contract. (*Lockwood v. Kelsea,* 41 N. H. 185.)

"To sustain the count for money had and received by the defendant for the use of the plaintiff it is only necessary to show that the defendant has obtained possession of money, or received something as money, which *ex aequo et bono* he ought to refund." (2 Ency. Pl. & Pr. 1016.)

"It is a liberal action in which the plaintiff waives all torts, trespasses and damages and claims only the money which the defendant has actually received. Thus this count may also be supported by evidence that the defendant obtained the plaintiff's money by fraud or false pretenses." (3 Elliott on Evidence, sec. 1729; *Stout v. Caruthersville Hdw. Co.,* 131 Mo. App. 520, 110 S. W. 619, 621.)

Under the decisions of practically all the code. states the common-law form of money had and received states a cause of action. (*Miller v. Abrahamson*, 9 Cal. App. 396, 99 Pac. 534; Pomeroy's Code Remedies, 3d ed., sec. 542; *Grannis v. Hooker*, 29 Wis. 65; *Keene v. Eldridge*, 47 Or. 179, 82 Pac. 803; *Waite v. Willis*, 42 Or. 288, 70 Pac. 1034; *Allen v. Patterson*, 7 N. Y. 476, 57 Am. Dec. 542; *Meagher v. Morgan*, 3 Kan. 372, 87 Am. Dec. 476; *Emslie v. Leavenworth*, 20 Kan. 562; *Jennings County Commrs. v. Verbarg*, 63 Ind. 107; *Jones v. Mial*, 82 N. C. 252; *Ball v. Fulton County*, 31 Ark. 379; *Hosley v. Black*, 28 N. Y. 438; *Carroll v. Paul's Admr.*, 16 Mo. 226.)

It is not a variance to prove fraudulent representations under the common count of money had and received. (*Winkler v. Jerrue*, 20 Cal. App. 555, 129 Pac. 804; *Minor v. Baldridge*, 123 Cal. 187, 55 Pac. 783; *Rand v. Columbian Realty Co.*, 13 Cal. App. 444, 110 Pac. 322; *Davidson Grocery Co. v. Johnston*, 24 Ida. 336, Ann. Cas. 1915C, 1129, 133 Pac. 929.)

BUDGE, C. J.—The complaint in this action sets forth merely the usual form of common-law count for money had and received without alleging any of the specific facts upon which the claim is predicated. The answer consists of certain denials coupled with a separate answer and affirmative defense wherein it is alleged that the parties entered into a contract for the sale of certain furniture and fixtures located in what is known as the Angus Rooming House, located in Boise, for $4,380. That one thousand dollars was paid upon the purchase price and the balance was to be paid in instalments, and that this $1,000 was the only money received from respondent. The cause was tried to a jury and a verdict returned in favor of respondent for the amount claimed with interest, and judgment entered thereon. This appeal is from the judgment and from an order denying a motion for a new trial.

Many errors are assigned but the decisive question to be determined may be broadly stated as follows: Is a complaint which simply alleges a common-law count for money had and

received sufficient to permit the admission of evidence to prove that plaintiff was induced by fraud, deceit and fraudulent representations to part with the money sought to be recovered?

The general rule is well settled that where a party seeks to recover on the ground of fraud, the particular facts constituting the fraud must be definitely and positively alleged. (*Brown v. Bledsoe,* 1 Ida. 746; *Abrams v. White,* 11 Ida. 497, 83 Pac. 602; *Kemmerer v. Pollard,* 15 Ida. 34, 96 Pac. 206; *Breshears v. Callender,* 23 Ida. 348, 131 Pac. 15; *Kerns v. Washington Water Power Co.,* 24 Ida. 525, 135 Pac. 70; *Wilson v. Baker Clothing Co.,* 25 Ida. 378, 137 Pac. 896, 50 L. R. A., N. S., 239.)

The right, if any, of respondent to recover is predicated upon fraud which she failed to allege. But it is contended that the above rule has no application to this form of action, and that proof that the money was obtained by fraud is admissible under a simple common-law count for money had and received. Two of the cases relied upon by respondent, while containing some language that seems to bear this construction, are not in point, for in those cases the facts constituting the fraud were set forth in the complaint. (*Stout v. Caruthersville Hdw. Co.,* 131 Mo. App. 520, 110 S. W. 619; *Humbird v. Davis,* 210 Pa. St. 311, 59 Atl. 1082.)

The case of *Grannis v. Hooker,* 29 Wis. 65, also relied upon by respondent, and which appears to be in point, has been ably criticised by the supreme court of Montana in the case of *Truro v. Passmore,* 38 Mont. 544, 100 Pac. 966. The California decisions sustaining causes of action set forth by the common-law counts are also criticised in the latter case, wherein it is pointed out that some of the most able judges of the California court, while feeling bound by the precedents established in that court, have not hesitated to criticise the reasoning of the precedents. The following language, used by the supreme court of Montana, is particularly in point: "The common counts have been superseded by our system of code pleading. A complaint, under this latter system, must contain a statement of the facts constituting the

cause of action in ordinary and concise language. (Sec. 6532, Rev. Codes, *supra.*) If the phraseology of any common count is adequate in the particular case to bring the pleader within the code rule, then his pleading is sufficient; otherwise it is not. Where a pleader elects to employ the language of a common count, he subjects himself to the rules governing the construction and sufficiency of complaints under the codes; that is to say, if a common count will in fact state his cause of action in ordinary and concise language, it is good. If it will not, it is bad." (*Truro v. Passmore, supra.*)

It should be noticed that sec. 6532, Revised Codes of Montana, referred to in the latter case, contains the same requirement as our own Revised Codes, sec. 4168, namely that the complaint must contain "a statement of the facts constituting the cause of action, in ordinary and concise language."

In the case at bar, from the evidence it appears that the respondent's right, if any, to recover depends wholly upon proof of fraudulent representations. The particular facts constituting the fraud should have been specifically alleged. A defendant who is to be called upon to meet a cause of action based upon his alleged fraud has a right to know in advance the particular acts and things giving rise to the fraud. A common count for money had and received is silent as to every such fact, and cannot operate to put a defendant upon notice as to what he is expected to meet, and is not sufficient to state a cause of action based wholly upon the defendant's alleged fraud.

The judgment is reversed and a new trial granted, with permission to respondent to amend her complaint. Costs awarded to appellant.

Morgan and Rice, JJ., concur.