[No. 21754.   Department Two.   September 5, 1929.]

WILLIAM LUDWIG, *Appellant,* v. WILLIAM
HOLLINGSWORTH, *Respondent.*[1]

*Lee C. Delle* and *M. M. Moulton,* for appellant.

*Richards, Gilbert & Conklin,* for respondent.

PARKER, J.—The plaintiff, Ludwig, sought recovery
in the superior court for Yakima county against the
defendant, Hollingsworth, upon a complaint, the whole
of the body of which reads as follows:

"FOR CAUSE OF ACTION THE PLAINTIFF STATES:

"(1)   That at sundry times between, on or about the
17th day of May, 1922, and the 17th day of November,
1922, the said defendant received from this plaintiff
the sum of $3,100, to the use of the plaintiff.

"(2)   That said defendant refuses to pay said sum,
or any part thereof; that said sum is justly due and
owing plaintiff from defendant, and wholly unpaid.

"WHEREFORE plaintiff demands judgment against
the said defendant in the sum of $3,100, together with
legal interest thereon from November 17, 1922, until

[1]Reported in 280 Pac. 60.

paid; and together with plaintiff's costs and disbursements herein incurred.''

Hollingsworth answered, denying all allegations of this complaint, other than that he refuses to pay any part of the sum demanded by Ludwig. There are no other pleadings in the case. The issues so made proceeded to trial upon the merits in the superior court, sitting with a jury. As the trial proceeded, it was sought to prove in behalf of Ludwig that he was induced by false and fraudulent representations made by Hollingsworth to pay to him, in money and his negotiable promissory notes, the amount here sought to be recovered. All offered proof of fraud as the inducement of Ludwig to pay to Hollingsworth any money or negotiable notes was, at all times, strenuously objected to by counsel for Hollingsworth as not being within the issues presented by the pleadings; the theory of the objection being that the complaint amounted, at best, to nothing more than a common law common count for money had and received, and that therefore the issue of fraud as the basis for such recovery was not presented by such pleading.

The trial judge, in the course of the trial, admitted most of such offered proof. At the close of the evidence introduced and offered in behalf of Ludwig, a motion was made by counsel for Hollingsworth, challenging the sufficiency of evidence which was properly admissible under the issues made by the pleadings, and asking for dismissal of the case accordingly. This motion was by the court granted, the jury discharged and judgment of dismissal entered, from which Ludwig has appealed to this court. The motion was ''that dismissal be entered on the merits,'' and, in the alternative, ''for nonsuit.'' The oral ruling of the court, shown in the statement of facts was, ''I think the motion for nonsuit should be granted. I do not think I

should grant the motion on the merits." The formal judgment reads, "that the above entitled cause be dismissed and the defendant's motion for nonsuit be and is hereby granted." There was no request to amend the complaint.

The facts upon which appellant, Ludwig, relies for recovery, as the proof offered in his behalf tends to show, may, for our present purposes, be summarized as follows: In May, 1922, Hollingsworth, as agent for the Farmers Straw Gas Producer Company, entered into a contract with Otto and Walter Ludwig, sons of appellant, William Ludwig, by the terms of which there was conveyed to the sons a one-half interest in an exclusive license to manufacture and to sell, in Yakima county, an invention for transforming vegetation into creosote, oil and gas. The sons not being able to finance their purchase, that is, not being then able to pay the purchase price, which was $3,000, for their then-acquired interest, appellant came to their aid in that behalf by giving to Hollingsworth his two negotiable promissory notes, each for the principal sum of $1,500. Hollingsworth thereafter received from appellant a cash payment of $500 on one of these notes, and thereafter by transfer of the notes received an automobile in full payment of the notes, or rather in full payment of their renewal for the balance due thereon, which renewal note appellant was compelled to pay because of its coming into the hands of an innocent third person.

The evidence introduced and offered in behalf of Ludwig at the trial tended to show that Hollingsworth induced appellant to execute the notes by false and fraudulent representations made to him and his sons as to the capabilities of the invention in question, such as would have entitled the sons to rescission of the sale or damages, were they seeking such relief. The

only interest appellant had at stake in the transaction was that of aiding his sons by loaning his credit to them and thus becoming their creditor for the amount of such loan. He was not a party to the sale contract between his sons and Hollingsworth. The sons are not parties to this action. Thus it becomes plain that the evidence introduced and offered in behalf of Ludwig furnishes no basis whatever for recovery, other than as resting upon appellant's claim of fraud constituting the false representations made by Hollingsworth to the sons and appellant, inducing the sale to the sons and the execution of the notes by Ludwig; because, aside from such claimed fraud, the notes were given in pursuance of a perfectly legal agreement and understanding between appellant and Hollingsworth; that is, the notes and the proceeds thereof were given by appellant and acquired by Hollingsworth in consideration of Hollingsworth's causing conveyance of a one-half interest in the license to be made to the sons.

It seems to us that the judgment of nonsuit must be affirmed upon the ground that the complaint is, at best, a common law common count for money had and received, and that such a complaint does not present any issue of fraud as a basis of recovery. Considerable argument and citations of authority are made in behalf of Ludwig, in support of the view that the common law common count for money had and received is an appropriate pleading under the code system as it exists in this and the other code states generally. But that is not our problem. We are here to inquire, not whether this complaint states a good cause of action—indeed we may concede that it does, though we do not so decide—but whether it states a good cause of action having fraud as its sole basis of recovery is our real inquiry. This exact problem was considered by the Supreme Court of Idaho in *Moser v. Pugh-*

*Jenkins Furniture Co.*, 31 Idaho 438, 173 Pac. 639, L. R. A. 1918F 437, wherein there was drawn in question a complaint in substance the same as this complaint, which was sought to be supported by proof of fraud as the sole basis of recovery. Holding that such complaint did not state a cause of action resting in fraud, Chief Justice Budge, speaking for the court, made these very pertinent observations:

"The complaint in this action sets forth merely the usual form of common-law count for money had and received without alleging any of the specific facts upon which the claim is predicated. . . .

"Many errors are assigned, but the decisive question to be determined may be broadly stated as follows: Is a complaint which simply alleges a common-law count for money had and received sufficient to permit the admission of evidence to prove that plaintiff was induced by fraud, deceit, and fraudulent representations, to part with the money sought to be recovered?

"The general rule is well settled that, where a party seeks to recover on the ground of fraud, the particular facts constituting the fraud must be definitely and positively alleged. *Brown v. Bledsoe,* 1 Idaho, 746; *Abrams v. White,* 11 Idaho, 497, 83 Pac. 602; *Kemmerer v. Pollard,* 15 Idaho, 34, 96 Pac. 206; *Breshears v. Callender,* 23 Idaho, 348, 131 Pac. 15; *Kerns v. Washington Water Power Co.,* 24 Idaho, 525, 135 Pac. 70; *Wilson v. Baker Clothing Co.,* 25 Idaho, 378, 50 L. R. A. (N. S.) 239, 137 Pac. 896. . . .

"The case of *Grannis v. Hooker,* 29 Wis. 65, also relied upon by respondent and which appears to be in point, has been ably criticized by the supreme court of Montana in the case of *Truro v. Passmore,* 38 Mont. 544, 100 Pac. 966. The California decisions sustaining causes of action set forth by the common-law counts are also criticized in the latter case, wherein it is pointed out that some of the most able judges of the California court, while feeling bound by the precedents established in that court, have not hesitated to criticize the reasoning of the precedents. The following language, used by the supreme court of Montana, is par-

ticularly in point: 'The common counts have been superseded by our system of code pleading. A complaint, under this latter system, must contain a statement of the facts constituting the cause of action in ordinary and concise language. Rev. Codes, § 6532. If the phraseology of any common count is adequate in the particular case to bring the pleader within the code rule, then his pleading is sufficient; otherwise, it is not. Where a pleader elects to employ the language of a common count, he subjects himself to the rules governing the construction and sufficiency of complaints under the codes; that is to say, if a common count will, in fact, state his cause of action in ordinary and concise language, it is good. If it will not, it is bad.' *Truro v. Passmore, supra.*

"It should be noticed that § 6532, Revised Codes of Montana, referred to in the latter case, contains the same requirement as our own Revised Codes, § 4168, namely, that the complaint must contain 'a statement of the facts constituting the cause of action, in ordinary and concise language.'

"In the case at bar, from the evidence, it appears that the respondent's right, if any, to recover, depends wholly upon proof of fraudulent representations. The particular facts constituting the fraud should have been specifically alleged. A defendant who is to be called upon to meet a cause of action based upon his alleged fraud has a right to know in advance the particular acts and things giving rise to the fraud. A common count for money had and received is silent as to every such fact, and cannot operate to put a defendant upon notice as to what he is expected to meet, and is not sufficient to state a cause of action based wholly upon the defendant's alleged fraud."

This statement of the law, it seems to us, is sound, and voices the real spirit of the code system of pleading. Our statute, Rem. Comp. Stat., § 258, is in substance the same as the statutes of Idaho, Montana and Oregon as to what the complaint shall allege. The decision of the supreme court of Oregon in *Buchanan v. Beck,* 15 Ore. 563, 16 Pac. 422, and also the text of

Bancroft Code Pleading Vol. I, § 59, and Vol. III, § 1453, lend strong support to this view of the law. Our own decisions, while not directly in point, also lend support to this view; *Distler v. Dabney,* 3 Wash. 200, 28 Pac. 335; *Clark v. Sherman,* 5 Wash. 681, 32 Pac. 771.

The only decisions from courts of code states coming to our notice, which we regard as contrary to this view, are the California decisions which have been subjected to criticism, even from its own court, though adhered to apparently because of their rule having, in an early day, become settled; and the early case of *Grannis v. Hooker,* 29 Wis. 65. Nor is our present conclusion out of harmony with our decision in *Bosworth v. Wolfe,* 146 Wash. 615, 264 Pac. 413, which has been referred to as an action for money had and received. A casual reading of the statement of the issues there involved shows that fraud was specifically and elaborately pleaded as a basis for the recovery sought. All of the other decisions from code states, relied upon by counsel for Ludwig, seem to us to deal with pleadings containing at least some substantial measure of fraud allegations, as a basis of recovery.

We conclude that the judgment must be affirmed. It is so ordered.

MILLARD, MAIN, FRENCH, and HOLCOMB, JJ., concur.